### Lake Shore & M. S. Ry. Co. v. Patrick A. Ryan.

1. LIMITATIONS—*Additional Counts Stating the Same Cause of Action.*—Where additional counts are for the same injury as that stated in the declaration as originally filed, only varying the story as to the manner in which the acts complained of were performed, a demurrer to a plea of the statute of limitations is properly sustained if the original declaration was filed in time.

2. MASTER AND SERVANT—*Duty of Servant to look for Defects in Machinery.*—A brakeman is not required to look after dark for defects in a car which he has reason to believe has passed inspection by the company on the day it is used.

3. INSTRUCTIONS—*Refusal to State a Proposition Twice not Error.* —The refusal to give an instruction, the whole legal effect of which was in another that was given, can not be complained of as error.

**Trespass on the Case,** for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897.   Affirmed.   Opinion filed April 15, 1897.

WM. McFADON, attorney for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was a brakeman, employed by the appellant, and November 25, 1892, at about 7:15 P. M. attempted to go down from the top of a freight car of a train that was being backed by an engine. The car was next to the engine, and he had gone upon it from the engine some fifteen minutes before.

In attempting to go down, for the purpose of uncoupling the engine when the train should be stopped, as it was about to be, he fell by reason, as he alleges, of a "hand hold" being so bent down that he could not take hold of it. This "hand hold" was, as we understand, the continuation of a ladder down the end of the car, and was the upper rung of that ladder. It should have stood on the top of the car, a little way from the end, with a space of about two and one-half inches between the five-eighth inch bar of iron and the top of the car, so that as a rung of the ladder it could easily have been grasped; but in fact it was so bent down that it could not be grasped. He had been with the train with that car in it for more than an hour, and when he went from the engine upon the car, that rung was within reach of his hand.

The appellant contends that both by general law and special contract, the appellee was bound to take notice of the condition of that rung before attempting to use it. By his contract of employment he engaged that he would for his own safety, examine the things in connection with which he worked before using them, so as to ascertain so far as he reasonably could, their "condition and soundness."

The company had inspectors who should have discovered the defect. As to the appellee we will take notice that there is little light after six o'clock P. M. in the last week of November. In going upon the car the appellee had no occasion to touch the rung. Did either the law or his contract require him to look after dark for defects in a car

which he had reason to believe, and, as we understand was the fact, had passed inspection by the appellant the same day ? That the defect could have originated after the inspection, there is no reason to suspect.

The case then comes to this : A rung placed upon the top of the car for the use of brakeman was so bent down that the appellee could not get hold of it; had it been in condition the appellee would not have been hurt; it had been passed as in good condition that day by the appellant; the appellee was after dark put by the appellant in the place where he would, in the ordinary course of events, need to use the rung in the dark. Under such circumstances we may not say that the jury was wrong in finding that the appellee was injured through the negligence of the appellant without fault on his part, either as to care for his own safety or observance of his contract.

The original declaration was filed May 16, 1893, and June 7, 1896, additional counts were filed, to which the appellant pleaded the statute of limitations. To these pleas the court rightly sustained demurrers. All the counts were for the same injury, only varying the story as to the manner of the negligence of the appellant. Liebold v. Green, No. 6899 this term, citing Illinois Steel Co. v. Eylenfeldt, 62 Ill. App. 552, 165 Ill. 185, and Ellison v. Georgia R. R., 87 Ga. 692; C., St. P. & K. C. Ry. v. Ryan, 62 Ill. App. 264, 165 Ill. 88.

Complaint is made of the refusal of one instruction, the whole legal effect of which was in another that was given. In this was no error. A., T. & S. F. R. R. v. Feehan, 149 Ill. 203, cited among a multitude of cases in 4 Kinney's Digest, 4331–2.

The appellee was earning an average of $90 per month; was thirty-two years old, and is incapacitated for his former avocation or other heavy manual labor. We may not say that the damages, $6,000, are excessive. Even his pecuniary loss exceeds the damages.

There is much minor criticism of the proceedings, and subdivision of the argument for the appellant; of which it is enough to say that on the whole case there is no reason why the judgment should be reversed, and it is affirmed.