[Civil No. 762.  Filed March 19, 1902.]

[68 Pac. 532.]

PRESLEY D. MOTES, Plaintiff and Appellant, v. GILA
   VALLEY, GLOBE AND NORTHERN RAILWAY
   COMPANY, a Corporation, Defendant and Appellee.

1. LIMITATIONS — INJURIES TO PERSON—PLEADING—AMENDMENT—NEW
   CAUSE OF ACTION—DEPARTURE—REV. STATS. ARIZ. 1887, PAR. 2309,
   CITED.—The Revised Statutes of Arizona of 1887 (par. 2309) pro-
   vide that actions for injuries done to the person of another shall
   be commenced and prosecuted within one year after the cause of
   action shall have accrued.  Plaintiff, on behalf of his minor son,
   brought an action against defendant to recover damages for personal
   injury.  More than a year after the injury, plaintiff amended his
   complaint, making the action one for his own benefit.  *Held,* that
   the amended complaint was such a departure from the original
   complaint as to state a new and different cause of action, and,
   being filed more than one year after the injury was received, from
   which it was alleged the damages arose, was barred by the statute,
   *supra.*

2. SAME—DEFENSE—HOW RAISED—DEMURRER—CONTAINED IN ANSWER—
   REV. STATS. ARIZ. 1887, PARS. 734, 2328, CONSTRUED.—The Revised
   Statutes of Arizona of 1887 (par. 2328) provide that "the laws
   of limitation of this territory shall not be made available to any
   person in any suit in any of the courts of this territory, unless such
   be specially set forth as a defense in his answer."  Paragraph 734,
   *supra,* provides that "the defendant in his answer may plead as
   many several matters, whether of law or fact, as may be necessary
   for his defense."  *Held,* that the only purpose of the former statute
   is to compel defendant to specially plead the statute of limitations;
   that it does not prohibit the pleading of the statute by demurrer
   under the authority of the latter statute.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
F. M. Doan, Judge.  Affirmed.

The facts are stated in the opinion.

John McGowan, and J. N. Morrison, for Appellant.

The bar of the statute of limitations cannot be raised by
demurrer.  Rev. Stats. Ariz. 1887, par. 2328.

It does not appear on the face of either the original or
amended complaint that one year had elapsed since the cause

of action accrued; the allegation in each complaint is that
the injury was inflicted "on or about" the seventh day of
March, 1899.   Under this phrase, evidence would be admis-
sible to prove that the injury was inflicted and the cause of
action accrued even six months later than the 7th of March,
1899.   Therefore, neither of these complaints would be de-
murrable on the ground that the statute had run, even under
a statute making such limitation a ground of demurrer.   *Dis-
trict Tp. of Sidney* v. *Des Moines Ins. Co.,* 75 Iowa, 647, 36
N. W. 902; *Kansas Pacific Ry.* v. *McCormick,* 20 Kan. 107.

The court erred in sustaining this demurrer, since it no-
where appears in the amended complaint when the original
complaint was filed.   For aught that appears in the amended
complaint, the original may have been filed within an hour
after the injuries complained of were received.   *Reddington*
v. *Cornwall,* 90 Cal. 49, 27 Pac. 40.

On demurrer to an amended complaint, the original cannot
be referred to.   *Washer* v. *Bullitt County,* 110 U. S. 558, 4
Sup. Ct. 249, 28 L. Ed. 249; *Tompkins* v. *Hollister,* 60 Mich.
470, 27 N. W. 651; *State* v. *Simpkins,* 77 Iowa, 676, 42 N. W.
516; *Wells* v. *Applegate,* 12 Or. 208, 6 Pac. 770.

• Frank W. Burnett, for Appellee.

The original complaint sets up a permanent injury to the
minor, the father suing in place of the next friend or guar-
dian.   The amended complaint shows for the first time loss
of minor's services, whereby the father was damaged.

It is clear that these are two distinct actions based upon
separate causes of action.   A judgment on the original com-
plaint would not bar the action set up in the amended com-
plaint, and *vice versa.   Rogers* v. *Smith,* 17 Ind. 323, 79 Am.
Dec. 483; Bliss on Code Pleading, 29; *Horgan* v. *Pacific Mills,*
158 Mass. 402, 35 Am. St. Rep. 504, 33 N. E. 581; *Texas and
Pacific Ry. Co.* v. *Morin,* 66 Tex. 225, 18 S. W. 503; *Karr*
v. *Parks,* 44 Cal. 46; *Dunkee* v. *Central Pacific R. R.,* 56 Cal.
388, 38 Am. Rep. 59.

The amendment was therefore a departure from the orig-
inal complaint, and cannot relate back to it so as to prevent
the bar of the statute.   *Buntin* v. *Chicago etc. Ry. Co.,* 41
Fed. 744; *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 285, 15 Sup.

Ct. 877, 39 L. Ed. 985; *Neudecker* v. *Kohlberg*, 81 N. Y. 296;
*Van Cott* v. *Prentiss*, 104 N. Y. 45, 10 N. E. 257; *Hurst* v.
*Detroit C. Ry. Co.*, 84 Mich. 539, 48 N. W. 44; *People ex rel.
Gorman* v. *Judge*, 27 Mich. 138; *Dudley* v. *Price's Admr.*, 10
B. Mon. 84; *Whalen* v. *Gordon*, 95 Fed. 305, 37 C. C. A. 70;
*Reed* v. *McConnel*, 133 N. Y. 425, 31 N. E. 22; *Chicago etc.
Ry. Co.* v. *Scanlan*, 170 Ill. 106, 48 N. E. 826; *City of Kansas*
v. *Hart*, 60 Kan. 684, 57 Pac. 938; *Peiser* v. *Griffin*, 125 Cal.
9, 57 Pac. 690; *Atlanta K. and N. Ry. Co.* v. *Hooper*, 92 Fed.
820, 35 C. C. A. 24.

STREET, C. J.—On the 6th day of March, 1900, Presley
D. Motes, as the father of Presley L. Motes, a minor, filed a
complaint in the district court of Graham County against the
appellee to recover damages for injuries received by Presley
L. Motes on the seventh day of March, 1899, alleged to have
been inflicted by carelessness of appellee. The first para-
graph of the complaint alleges the residence of the parties;
that Presley L. Motes is a minor, and plaintiff is his father;
and that, at the time the injury was inflicted, Presley L. was
engaged in the occupation of carrying the United States mail
from the post-office at Central to the train of appellee. Para-
graphs 2, 3, and 4 allege the acts of carelessness on the part
of appellee, the injuries received, and the status of the ap-
pellee. Paragraph 5 alleges that, by reason of said wrongs
and injuries inflicted upon him as aforesaid, said minor, Pres-
ley L. Motes, is and has been injured in the sum of three thou-
sand dollars, and prays judgment for that amount. On the
5th of April, 1900, plaintiff amended his complaint, and
changed the first paragraph to read that, at the time when
the wrongs and injuries were inflicted upon Presley L. Motes
by the defendant, he was residing with plaintiff, and with
plaintiff's consent, and for plaintiff's use and benefit, was,
for a valuable compensation, engaged in the occupation of
carrying the United States mail from the post-office at Cen-
tral to the train of defendant; and also changed the damage
clause to read that, by reason of said wrongs and injuries
inflicted on said Presley L. Motes as aforesaid, plaintiff has
been and is damaged in the sum of three thousand dollars.
To the amended complaint defendant demurred, among other
reasons, "because said amended complaint alleges a new and

independent cause of action to that set up in the original complaint, and because said new and independent cause of action alleged in said amended complaint accrued more than one year prior to the filing of said amended complaint, and is therefore barred by limitation,'' which demurrer the district court sustained; and, plaintiff declining to amend, final judgment was rendered for the defendant.

Paragraph 2309 of the Revised Statutes of Arizona of 1887, provides that actions for injuries done to the person of another shall be commenced and prosecuted within one year after the cause of action shall have accrued. The question for this court to determine is, does the amended complaint state a new cause of action, so as to amount to a departure? When a minor child has received an injury under such circumstances that another is liable in damages, two separate and distinct causes of action exist,—one in favor of the child, and another in favor of the parent of the child, for a loss of services, if the child has a parent entitled to his services. By the first complaint it will be seen that an action was sought to be maintained for the benefit of the child, Presley L. Motes; for nowhere in the original complaint is there any statement that the father, Presley D. Motes, has been in any way damaged. In the amended complaint the plaintiff sets up the right to the services of the child, and alleges that he (the father and plaintiff) has been damaged in the sum of three thousand dollars. It is argued by the appellant that there has been no change of ''cause of action,'' and he says that the cause of action set up in the amended complaint is the same cause of action as that set up in the original complaint. As he claims, ''the plaintiff's right and defendant's wrong thereto being the only essential elements, the damages and relief logically and necessarily follow.'' In making amendments to pleadings there may be a departure, not only from fact to fact, but from law to law; and, while it may be true that there has been no departure in the amendment offered by the plaintiff from fact to fact, yet it must be plain that there has been a departure in cause of action from law to law; that is, that the plaintiff first claimed the right to recover for the child for damages to the child on a cause of action in favor of the child, while in his amended complaint he seeks to recover damages for himself for loss of services

of the child, on a cause of action which arose in favor of himself. While each cause of action may depend upon the same facts of injury, they rest upon different rights in law. Steph. Plead., pp. 412, 413,. says: "There are cases in which the party deserts the ground in point of fact that he had first taken. But it is also a departure if he puts the same facts on a new ground in point of law." Saund. Plead. & Ev., pp. 806, 807, says: "A departure in pleading is said to be when a party quits or departs from the cause or defense which he has first made, and has recourse to another. A departure may be either in the substance of the action or defense, or the law on which it is founded." In *Bigham* v. *Talbot*, 63 Tex. 271, it is said: "Where a party declared upon a contract under which he claimed as assignee, and amended so as to rest on a contract which he alleged was made directly with himself, it was held a new cause of action." If the amended complaint is a departure from the original, it must be treated as an original complaint in a new cause of action, and hence would be affected by the statute of limitations. The law in that particular is discussed and stated in *Union Pac. Railway Co.* v. *Wyler*, 158 U. S. 296-298, 15 Sup. Ct. 877, 39 L. Ed. 983, and may be summarized about as follows: The general rule is that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is that, as the running of the statute is interrupted by the suit and summons, so far as the cause of action then propounded is concerned it interrupts as to all matters subsequently alleged by way of amendment which are a part thereof. But where the cause of action relied upon in an amendment is distinct from that originally asserted, the reason of the rule ceases to exist, and hence the rule itself no longer applies. The plaintiff may introduce a new cause of action by amendment; but such amendment cannot have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced with that cause of action at the time of making the amendment. When the amendment introduces a new right or new matter not within

the *lis pendens* and the issue between the parties, if at the time of its introduction as to such new right or matter the statute of limitations has operated as a bar, the defendant may insist upon the benefit of the statute, and to him it is as available as if the amendment were a new and independent suit.

It is asserted by the appellant that the bar of the statute of limitations cannot be raised by demurrer in any court of justice in Arizona, and he cites paragraph 2328 of the Revised Statutes of Arizona of 1887, which says:

"The laws of limitation of this territory shall not be made available to any person in any suit in any of the courts of this territory, unless such be specially set forth as a defense in his answer."

We do not regard such provision as an inhibition against pleading the statute of limitations by demurrer. The only purpose of such statute was to declare that the right which one claimed under a statute of limitations should be specially pleaded, and could not be taken advantage of unless it was specially pleaded. Where a complaint reveals a condition which may be pleaded as a defense, such defense may be pleaded in any of the pleas known to our statute.

Paragraph 734 of the Revised Statutes of Arizona of 1887 provides: "The defendant in his answer may plead as many several matters, whether of law or fact, as may be necessary for his defense, and which may be pertinent to the cause; but such pleas shall be stated in the following order and filed at the same time."

In this case the defendant complied with the statute, in specially pleading the statute of limitations in such a way as to permit a court to pass upon the question; and, being raised so as to give the court the right to determine the relevancy of the statute of limitations to the facts pleaded, we see no error in his exercising that jurisdiction; and we agree with the court that the amended complaint was such a departure from the original complaint as to state a new and different cause of action, and, being filed more than one year after the injury was received from which it was alleged the damages arose, the district court properly sustained the demurrer.

The judgment of the district court is affirmed.

Sloan, J., and Davis, J., concur.