## SMITH v. SCOTT.

### Opinion delivered November 1, 1909.

1. HOMESTEAD—WIDOW'S ABANDONMENT—RIGHTS OF MINOR CHILDREN.— Where one owning a homestead dies, leaving a widow and minor children, the right of such minors to the homestead will not be affected by the widow's abandonment of the homestead and establishment of another home. (Page 145.)

2. SAME—AUTHORITY OF PROBATE COURT.—The probate court has no authority to make an order vesting the homestead of a decedent in his widow and minor children. (Page 145.)

3. LIMITATION OF ACTIONS—AMENDMENT—NEW SUIT.—Amending a complaint in ejectment by striking out certain lands and omitting certain parties originally named therein is not equivalent to bringing a new suit, nor changing the cause of action, for the purposes of the statute of limitations. (Page 146.)

4. SAME—HOMESTEAD.—As the right of an adult child to enter upon the homestead of his parent does not accrue until the homestead right of the youngest child has ceased on his coming of age, the statute of limitations will not run until that time. (Page 147.)

5.  APPEAL AND ERROR—PRESUMPTION FROM INCOMPLETENESS OF ABSTRACT.—
    . Where the evidence heard in the lower court is not set out in appel-
    lant's abstract, it will be presumed that the instructions were based
    upon the evidence, and that there was sufficient evidence to warrant
    the jury's findings.  (Page 147.)

Appeal from Columbia Circuit Court; *George W. Hays,*
Judge; affirmed.

### STATEMENT BY THE COURT.

This is an ejectment suit instituted on the 9th day of August,
1906, in the Columbia Circuit Court by the appellees, Dan Scott
*et al.,* against the appellant, A. W. Smith, to recover possession
of certain lands in Columbia County, Arkansas.  The appellees
claim title to this land through their father, William Scott, who
died the owner and occupying same as his homestead in October,
1883.  At the time of his death appellees were minors.  Soon
after their father's death, their mother, Fannie R. Scott, moved
to Louisiana, and acquired land, and established a home for
herself and children there.  She moved to Louisiana with no in-
tention of returning to Arkansas to live.

On the 11th day of November, 1885, the probate court of
Columbia County, Arkansas, made an order vesting title to the
land in controversy (which was the land occupied as a homestead
by William Scott at the time of his death) in his widow, Fannie
R., and minor children.  Fannie R. Scott deeded the land to J.
C. Green on March 13, 1886, and Green deeded the land to ap-
pellant, Smith, on the 25th of April, 1894.  Appellant claims
title through his deed from Green deraigned as above.

*Stevens & Stevens* and *J. E. Hawkins,,* for appellant.

A mother may, after the death of her husband, change the
domicil of her minor children.  86 S. W. 520; 112 U. S. 230; 80
Ark. 358; Woerner on Guardianship, 81.  By change of domicil
the mother and minors lose their right to the homestead.  102
Am. St. R. 410; 99 *Id.* 220; 69 N. E. 863; 42 S. W. 185; 34
S. W. 4; 3 S. W. 840.  Minor children have no vested right in
their deceased father's homestead until the death of their mother.
53 Ark. 400.  Two homesteads cannot be enjoyed at one and the
same time.  73 Ark. 266.  The order vesting title in the widow
was valid unless the children at that time had a vested home-

stead interest. 51 Ark. 433. Seven years having elapsed since this cause of action accrued, and three of these free from disability, the right of action is tolled. 44 Ark. 479. This suit was begun when the amended complaint was filed.

*C. W. McKay* and *J. G. Lile,* for appellees.

The order of the court vesting title in the widow was void. 51 Ark. 429; 33 Ark. 827. An order that the homestead of a deceased be sold for the payment of his debts, subject to the homestead rights therein of the widow or minor children, is void. 79 Ark. 408; 47 Ark. 445; 50 Ark. 329; 49 Ark. 75; 56 Ark. 563. This action was not barred by the statute of limitations. 83 Ark. 196; 87 Ark. 428. The suit could have been brought at any time within seven years after the youngest child reached its majority. 53 Ark. 400. A minor cannot abandon his homestead right, neither can any one for him. 29 Ark. 280; 21 Ill. 178; 29 Ark. 633; 73 Ark. 266. The mother who acquired a homestead in Louisiana is still living, so these appellees have never had any homestead there. 77 Ark. 266.

WOOD, J., (after stating the facts). Under sections 6 and 10, art. 9, of the Constitution appellees, at the death of their father, acquired homestead rights in the land in controversy of which their mother, the widow, could not deprive them by establishing another home, and by selling the one occupied by the husband and father at the time of his death. The homestead of the minors in the land in controversy inured to them through the death of their father. Sec. 10, art. 9, *supra.* The abandonment by the widow and mother of the interest which she acquired in the same homestead by the death of her husband in no manner affected the rights of the appellees, the minor children. The right to share it equally and to one-half of the rents and profits thereon became a vested interest in the children upon the death of their father.

During minority the widow and mother could share it equally with the children. But she had no absolute control or dominion over it. At the time the probate court declared the widow the owner of the land in controversy, and at the time she conveyed same to Green, the appellee had no homestead rights in the home of their mother in Louisiana. Their homestead in that land could only inure at the death of their mother. So the question of in-

consistent homestead rights is not before us. The only homestead rights they had at the time the order of the probate court was made were in the land in controversy. Having homestead rights in this land at the time of such order, it follows that the same was void, and appellant therefore acquired no title. *Sansom* v. *Harrell,* 51 Ark. 429; *Harrison* v. *Lamar,* 33 Ark. 827. See also *Grimes* v. *Luster,* 73 Ark. 266, for review of homestead cases and discussion of inconsistent rights of homestead.

Second. Appellant pleads the statutes of limitations of three and seven years. The youngest child of William Scott was twenty-one years of age April 21, 1904. This suit was instituted August 9, 1906, against appellant and others for the recovery of the land in controversy and other lands, and for $1,500 damages for the detention thereof. January 10, 1908, appellees amended their complaint, dismissing the action as to all the defendants except appellant, and as to all the lands except the land in controversy, and praying for the possession of this and for damages for the detention thereof in the sum of $1,500.

Appellant contends that the amendment to the complaint was tantamount to the bringing of a new suit against appellant, and that therefore the suit should date from the filing of the amendment, January 10, 1908. But we are of the opinion that the amendment did not change the cause of action. The suit still remained a suit by appellees against appellant for the land in controversy. The original complaint, although it included other lands and was against other parties, also included the tract in controversy, and was against appellant. The amendment did not allege that appellant held by any other or different title than that set up in the complaint before it was amended.

The complaint before amendment was not a suit "for several distinct parcels of land in possession of several defendants, each claiming for himself," as appellant contends. The complaint before amendment was simply a suit in ejectment against several defendants, including appellant, for the tract of land in controversy, and other lands, alleging that the appellees were the owners of all the land including the tract in controversy and that the defendants, including appellant, were in the unlawful possession thereof. A mistake as to the other tracts of land and as to other defendants being in possession of the tract in controversy did

not alter the case as to the tract in suit, and as to appellant being in possession of that tract. Correcting the mistake by an amendment to the complaint eliminating the defendants and the lands that should not have been embraced in the complaint in the first place did not change the cause of action as to the tract that was sued for and the party who was really in possession thereof. The allegations of the original complaint as to the tract in suit and as to the appellant being in the unlawful possession thereof were not changed by the amendment. The suit as to the tract in controversy was therefore brought within three years after the youngest child became of age.

As to the appellees who were adults at the time the youngest child became of age, the statute of limitation of seven years does not bar them. For this statute did not begin to run against them until the termination of the homestead of the youngest child. Their right of entry to the land in controversy did not accrue till the homestead right of the youngest child ceased. *Kessinger* v. *Wilson,* 53 Ark. 400; *Gannon* v. *Moore,* 83 Ark. 196; *Harris* v. *Brady,* 87 Ark. 428.

The homestead of the widow in the land in controversy terminated upon her abandonment thereof soon after her husband's death. Appellees therefore are not barred by any statutes of limitation.

Third. The court submitted the question of betterments, rents and taxes upon correct instructions. Appellant does not abstract the evidence on these questions. In the absence of an abstract setting forth the evidence pro and con, we must assume that there was evidence sufficient to uphold the verdict.

Appellant sets forth in his brief a statement of the improvement as to what the rental value of the land was for three years the value of the rents since the filing of the complaint; but he does not cite us to the page of the transcript where the evidence supporting this statement is to be found, and he makes no statement as to what the rental value of the land was for three years next before the commencement of the suit. The court correctly instructed the jury to consider this. *Brown* v. *Nelms,* 86 Ark. 386; *McDonald* v. *Rankin, post* p. 173. In the absence of an abstract of the evidence showing to the contrary, we must presume

that the instructions were based upon the evidence, and that the verdict had sufficient evidence to warrant the jury in its finding.

There is no error.

Affirmed.