[Civil No. 1211.    Filed June 22, 1912.]

[124 Pac. 803.]

SIMON HAGENAUER, Plaintiff in Error, v. THE DETROIT COPPER MINING COMPANY OF ARIZONA, a Corporation, Defendant in Error.

LIMITATION OF ACTIONS—PLEADINGS—AMENDED PLEADINGS—NEW CAUSE OF ACTION.—Where the original complaint imperfectly sets forth a cause of action based on the negligent construction and maintenance by defendant of a dam, which gave way, causing the damages complained of, an amended complaint, which relies on the same cause of action, but which amplifies the action, so as to state a good cause of action, does not state a new cause of action; but it relates back to the time of the filing of the original complaint, which tolled the statute of limitations, and the defense of limitations is not available as against the amended complaint.

WRIT OF ERROR from the District Court of the First Judicial District, in and for the County of Pima.    John H. Campbell, Judge.    Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

The plaintiff in error commenced this action in the district court in and for the county of Graham on December 30, 1907, by filing the following complaint (omitting the formal parts):

## "III.

"That on the third day of Dec., A. D. 1906, and for more than one year next prior thereto, the said defendant maintained a dam across Yankey Gulch at a point opposite its said concentrating mill, which said dam was made of tailings from the said mill; that said dam was constructed of tailings loosely thrown across the said gulch without skill or care or mechanical construction; that said dam was about fifty feet high and about one hundred yards long and extending across said gulch from bank to bank, and was so constructed that all of the water falling in rains and melting snows over several square miles of country above said dam and drained by said gulch, was obstructed, retained and held by said dam in a vast reservoir; that said dam was so constructed and maintained by the defendant without any gangway, pipe or flume, or other avenue whereby any portion of the water held by said dam could escape beyond said dam, and no portion of said water could escape beyond said dam except by flowing over the top of said dam, or breaking through said dam. That the said defendant on the third day of December, A. D. 1906, and for more than one year prior thereto, had, by means of said dam, restrained and held in one vast reservoir, many millions of gallons of water which had fallen in rains from time to time, and resulted from melting snows over the section of the country drained by said gulch, and flowed down the said gulch to the point where said dam was maintained; that said dam, by reason of the way in which it was constructed, with no outlet for any portion of the water flowing down said gulch, and by reason of the careless manner of its construction, was insufficient to restrain said waters permanently and was liable to be broken by said waters at any time, and was very liable to break at any time when the water restrained by it should be increased by the falling of rains above said dam; that in event said waters should be released by the breaking of said dam, the same must necessarily flow down said Yankey Gulch into Chase Creek, and upon the lands and property of persons in the town of Clifton, to their great detriment and injury, all of which defendant well knew at the time it constructed and maintained the said dam.

## "IV.

"That on said third day of December, A. D. 1906, the plaintiff was in possession of a certain storehouse and building situate on the main street of that certain portion of said town of Clifton called Chase Creek, and was engaged in carrying on therein a general dry-goods and clothing business and owned and had stored therein large quantities of goods, to wit, a large stock of dry-goods, clothing, and shoes of the value of Eight Thousand Dollars, and store fixtures and appurtenances of the value of five hundred dollars, and on said day and for a long time prior thereto had derived a profit from the conduct and management of his general dry-goods and clothing business to the amount of five hundred dollars per month, and the said business was worth the sum of five hundred dollars per month to the plaintiff at the time of the grievances hereinafter complained of. That the aforesaid water course called Chase Creek runs through the said town of Clifton and near the store building owned and occupied by the plaintiff, wherein plaintiff on the day and year aforesaid had stored his goods and merchandise, and had his said store fixtures and appurtenances, and conducted his said mercantile business as aforesaid.

## "V.

"And the plaintiff further represents that on the night of the said third day of December, A. D. 1906, the defendant's said dam gave way and broke so that the waters theretofore held by the said dam, to wit, many millions of gallons, suddenly escaped through and beyond said dam and flowed with great force and violence down the said gulch, carrying with them many tons of the tailings of which said dam was composed to the point where said gulch empties into said Chase Creek, and mingling with the waters of Chase Creek, flowed thence through that portion of the town of Clifton known as Chase Creek; that the volume of water theretofore flowing in the channel of Chase Creek was by the waters theretofore held in said gulch by said dam suddenly increased to such an extent that the channel of said Chase Creek was insufficient to convey said increased volume of water and the tailings therein contained, so that said waters overflowed the banks of Chase Creek and a large quan-

tity of said water  containing a great amount of tailings
from said dam flooded the premises and storehouse occupied
by the plaintiff in that portion of the town of Clifton known
as Chase Creek, and flowed into said storehouse and over,
upon and around goods which the plaintiff owned and had
stored therein as aforesaid, and completely destroyed and ren-
dered valueless large quantities of the same, to wit, of the
value of Eight Thousand Dollars, and injured and rendered
valueless the store fixtures and appurtenances of the plaintiff
in the said storehouse contained, to wit, of the value of Five
Hundred Dollars, as the plaintiff was, by reason of said in-
juries, prevented from carrying on his said general dry-goods
and clothing business for a period of four months next ensu-
ing thereafter, whereby the plaintiff lost the sum of Two
Thousand Dollars, which the plaintiff would otherwise have
gained in the conduct and management of his said mercantile
business, all of which said injuries were sustained without
fault or want of care or diligence on the part of the plaintiff.''

Whereupon plaintiff prays damages.

To which the defendant on December 30, 1907, filed a gen-
eral demurrer, objecting that the complaint on its face does
not state facts sufficient to constitute a cause of action.  On
April 23, 1908, the court deemed the demurrer waived by de-
fendant, because not argued, and granted a motion to and
ordered the cause transferred to the district court of Pima
county.  On the thirty-first day of March, 1909, the court
vacated the order overruling the demurrer, and sustained
the demurrer.  On April 24, 1909, the plaintiff filed his
amended complaint, setting forth substantially the same sur-
rounding conditions, but with greater detail, as set forth in
the original complaint, and averred:

''V.

''That on, to wit, the said third day of December, A. D.
1906, by the continuous operation of the said concentrating
works of the said defendant, the said dam so negligently and
carelessly constructed as aforesaid, and the accumulation of
tailings, sand, slimes and water impounded thereby, became
and was a dangerous menace to 'the property interests of this
plaintiff situated in the said town of Clifton, and to the other
owners of property situated in the said town of Clifton, upon

the banks of the said Chase Creek, and on, to wit, the said third day of December, A. D. 1906, the said dam or barrier aforesaid, by reason of its careless and negligent construction as aforesaid, suddenly gave way and broke, under the pressure of the quantities of slimes, sand, tailings and water restricted and impounded by it as aforesaid, and which waters so impounded and restricted by said dam had been increased by reason of heavy rainfall upon the watershed of which said gulch formed the only outlet, all of which said waters accumulated above said dam or barrier in such quantities that by reason of the careless and negligent construction of said dam and its inherent weakness by reason thereof, the said dam or barrier gave way and broke and an immense mass and volume of water, sand, slimes, tailings impounded and restricted by the said dam or barrier together with a portion of the material constructing said dam or barrier, rushed down said gulch and into said Chase Creek and into the said San Francisco River, in a vast volume and flood, with terrific speed, force, and rush which vast volume of water, sand, tailings and other materials continued to rush down said Chase Creek with a great speed and force, washing down and carrying away before it, houses, sheds, wreckage and other debris, from said dam or barrier so carelessly and negligently constructed as aforesaid by the defendant, together with wreckage and debris brought down by said flood as aforesaid, flooded the premises and storehouse occupied by the plaintiff in that portion of the town of Clifton, Arizona, known as Chase Creek, and flowed into said storehouse, and over, around, and upon the goods which the plaintiff owned and had stored therein as aforesaid, and damaged a large quantity of the same, to wit, of the value of $8,000, and damaged and rendered valueless the store fixtures and appurtenances of the plaintiff in the said storehouse contained, to wit, of the value of $500, and that by reason of said negligent and careless act of said defendant, and the said injuries, the plaintiff was prevented from carrying on his said general dry-goods and clothing business for a period of four months next ensuing thereafter, whereby the plaintiff lost the sum of $2,000 which the plaintiff would otherwise have gained in the conduct and management of his said general dry-goods and clothing business; all of which said injuries were sus-

tained by the said plaintiff by reason of the negligence and carelessness on the part of the defendant, and without fault or carelessness on the part of the plaintiff.'' Wherefore, etc.

To this amended complaint the defendant, on May 13, 1909, filed a special demurrer alleging:

''1. That it appears upon the face of said amended complaint that plaintiff's cause of action, as therein set forth, is barred by the statute of limitations, in that it appears therefrom that the alleged cause of action set forth in said amended complaint did not accrue to said plaintiff at any time within two years next before the filing of said amended complaint; that said amended complaint states a new cause of action against defendant, and the same was commenced more than two years after said cause of action therein stated accrued.

''2. That it appears therefrom that plaintiff's original complaint stated no cause of action against defendant, and it appears upon the face of said amended complaint that plaintiff's cause of action as therein stated accrued more than two years next before the filing of said amended complaint and the commencement of said suit, and the same is barred.''

Also a general demurrer, and an answer setting up therein the same plea of the bar of the two year statute of limitations. On May 14, 1910, the court sustained the special demurrer to the amended complaint, and the plaintiff declining to amend his complaint further, a judgment was rendered dismissing the action, and the plaintiff sues out a writ of error and assigns the ruling of the court sustaining the special demurrer to plaintiff's amended complaint as error.

Mr. Frank H. Hereford and Mr. Frank E. Curley, for Plaintiff in Error.

Messrs. Ellinwood & Ross, for Defendant in Error.

CUNNINGHAM, J.—An examination of the original complaint and of the amended complaint reveals that the cause of action set forth in each is the negligent construction of the dam. This was the cause of all the wrong done by defendant, and all the damages suffered by the plaintiff resulted from the breaking of the dam. This was the wrong defendant was charged in each as having committed, and the plaintiff, in each complaint, makes it appear clearly that

it was the same dam which broke and· gave way, located at the same place, in the same relative position to the same mill operated by the defendant; that the same material of which the dam was constructed is the same charged in each of said complaints, the manner of construction is the same, the effect of the dam on the fall of waters within the watershed drained by the gulch is shown in each to be the same, the danger to property below is charged to be the same, the corporation responsible for the existence of the dam at that point is the same corporation, the date on which the dam broke and gave way is the same, the injury resulting to plaintiff's property is the same, and the property injured is the same, the same amount of damages is claimed in each complaint and the property is damaged in the same manner, and in each the knowledge of the defendant of the surrounding circumstances is alleged.

The amended complaint amplifies a number of the corresponding allegations of the original complaint, and it is contended by the defendant in error that the amended complaint, which is offered to cure the original complaint by relation, so as to cut out the intervening bar of limitations, sets out that "the dam or barrier was negligently and carelessly constructed," and was a danger "to the property of the plaintiff"; "that it was carelessly and negligently piled up in said gulch, without skill or care, and without any proper or sufficient support to strengthen the same, and without any proper or mechanical construction whatever"; that it was of great height; that the danger to property created thereby, and its careless and negligent construction, were well known to defendant, "who wholly failed and neglected to provide any means to render said dam safe, or to restrain the slimes, sands and tailings impounded by it, and to prevent the breaking of said dam and the consequent injury to plaintiff." It alleges that the dam broke "by reason of its negligent and careless construction as aforesaid," and that plaintiff's injury was sustained "by reason of the negligence and carelessness of the defendant."

In the original complaint the dam is alleged to have been "constructed of tailings loosely thrown across the said gulch, without skill or care or mechanical construction," giving the dimensions, and "was so constructed that all of the waters

falling," etc., were "retained and held by said dam in a vast reservoir"; that the dam was so constructed without means of outlet to the accumulated water to escape, without passing over or by breaking the dam; that the dam on the day it broke, "held in one vast reservoir many millions of gallons of water;" "that said dam, by reason of the way in which it was constructed, . . . and by reason of the careless manner of its construction," was liable to break from the accumulated waters and cause damage to plaintiff, "all of which defendant well knew at the time it constructed and maintained the said dam." That "the defendant's said dam gave way and broke," and the waters flooded the store and property of plaintiff, "and completely destroyed" the property of plaintiff.

When viewed as asserting a cause of action, and not viewed as a technical statement of a cause of action, as required when tested as a pleading, the original complaint, so considered, must carry the conviction to a reasonable man that plaintiff was complaining of the careless and negligent manner in which defendant constructed a dam, and by reason of such negligent and careless construction such dam was insufficient to restrain the water impounded by the dam, and that defendant knew the manner in which the dam was constructed and the menace the dam offered to plaintiff's property—in other words, the plaintiff's cause of action was the negligent and careless construction of the dam. The same cause of action is asserted by plaintiff in his amended complaint, by a statement thereof, the sufficiency of which is not questioned. Such omissions and defects, in the manner in which the cause of action was asserted in the original complaint, were cured and supplied in the statement of the cause of action asserted in the amended complaint, and these amendments are claimed by defendant in error to state a cause of action as of the date of the filing of the amended complaint, and open to the de-- fense of the statute of limitations. If the amended complaint does not relate back to the time of filing the original complaint, the position of counsel is well taken, and that opens the questions: Will it relate back, when the same cause of action is asserted in both the original and the amended complaints? What amendments will tie the two complaints together, so that one will be and be considered the counterpart

of the other, and both be considered as the prosecution of one and the same lawsuit, and shut out the defense of the statute of limitations?

Plaintiff concedes the statement of the cause of action asserted by the original complaint is faulty when attacked by a general demurrer, but insists that, even so, it is sufficient to assert a good cause of action, and when a good cause of action is so asserted it is sufficient to stop the running of the statute of limitations against such cause of action, even though a general demurrer to the statement would be good; and this proposition is denied by defendant in error, who insists that a complaint held bad on general demurrer must be considered as a nullity, and an amended complaint thereafter filed, sufficiently stating a cause of action when attacked by a general demurrer, is the commencement of the suit on such cause of action, and is open to all defenses as such, thus making the test of the commencement of the action relied on the ruling of the court on the effect of the general demurrer to the *statement* of the cause of action. These questions have never been answered by the supreme court of the territory, to which this court is the successor by operation of law, and they are, therefore, questions of first impression in this jurisdiction.

To give to the special demurrer, setting up the statute of limitations to an amended complaint, the effect contended for by the defendant in error, would be equivalent to giving such special demurrer the force and effect of a general demurrer, and permit the pleading thereby to attack the sufficiency and the manner of stating a cause of action, which is not the purpose of such special demurrer. It does not attack the manner of stating the cause of action, but it is more to be considered in the class of pleas in confession and avoidance of the cause of action stated, be the manner of statement as it may appear, the special plea admits the sufficiency of the allegations of the pleading attacked thereby, to state a cause of action, but seeks to avoid the prosecution of such suit, and relegate the cause of action to repose and bring the litigation to an end forever. It thus directly attacks the cause of action, and does not attack the manner of stating the cause of action—the *statement* of the cause of action. It attacks the perfect or good cause of action in the same manner and with the same effect as it attacks the imperfect cause of action, and has noth-

ing to do with the manner of stating the cause of action attacked.  *Atlantic & Pac. Ry. Co.* v. *Laird,* 164 U. S. 393, 41 L. Ed. 485, 17 Sup. Ct. Rep. 120.

This we consider is sufficient to dispose of this case, viz.: The cause of action defectively stated in the original is the identical cause of action sufficiently stated—reasserted—in the amended complaint, and that being the case (and a superficial examination of the original complaint, comparing it with the amended complaint, can but convince a fair legal mind that the cause of action is the same, and no other intended or attempted to be stated), the special demurrer can reach no other question, and reaches no other question, than the question of relation existing between the cause of action contended for in the two documents, the amended and the original complaint. If the cause of action is the same, the identical cause of action, disregarding the manner in which it is stated, the amended complaint is only the continuation of the suit begun by filing the original complaint, and the statute is stopped at that point. If the cause of action is deficient, and another cause of action asserted in the amended complaint than that asserted in the original complaint, then, without regard to the manner of the statement, the statute continues to run against such new or different cause of action, so for the first time asserted in the amended complaint, until the date of the filing of such amended complaint, and of the existence of this positive rule of law there can be no doubt, and it exists both in reason and in authority. *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 285, 39 L. Ed. 983, 15 Sup. Ct. Rep. 877; *Atlantic & P. R. R. Co.* v. *Laird, supra; Motes* v. *Gala Valley, G. & N. R. R. Co.,* 8 Ariz. 50, 68 Pac. 532.

To this rule we find no dissent by any reputable court, and believe none exists. Where a paper in some respects resembling a complaint in form is filed, and the defendant is brought into court by process issued as upon a complaint asserting a cause of action, and thereafter an amended (so called) complaint is filed in the proceeding, and which does, without question, assert a cause of action, to which cause of action so asserted the statute of limitations is interposed, if it appears upon examination by the court that no cause of action whatever was asserted in the original paper filed, then, in reason and by undivided authority, we believe, the statute

continues to run until such cause of action is asserted, and bars such asserted cause of action when filed as the commencement of the suit. The suit, under such statement of circumstances, is then for the first time commenced, and the first opportunity is then offered the defendant to set up such defense therein, as was the condition found in *Eylenfeldt* v. *Illinois Steel Co.*, 165 Ill. 185, 46 N. E. 266, and that line of cases. The reasons sustaining this position are so academic that we do not think a reference to any authority necessary. A paper filed, stating no cause of action *whatever,* has no standing as the commencement of a lawsuit in any court, and is an absolute nullity; and any other paper thereafter filed, given the same title and number, and placed in the same file in the records of the court, cannot be considered as an amendment to a nullity, and if such paper, so filed and called an amendment, is a complaint asserting a cause of action, it is most certainly the commencement of a suit for the enforcement of such right of action, and to which the defendant under our system of procedure may enter a voluntary appearance and set up any defense he may have. Such will be found to be the situation and the condition in the Eylenfeldt case, *supra,* as will appear by reference to the so-called complaint originally filed in that case, and while that court used some loose expressions about the amended complaint setting up a new and different cause of action, those statements in the commencement of that opinion are not followed up in the opinion. To say an amendment sets up a new and different cause of action is asserting that a cause of action is actually asserted in the former pleading. To say a paper states *no* cause of action *whatever,* and that an amended complaint filed to take its place states a *new* and *different* cause of action has no force whatever, no meaning whatever, as one expression nullifies the other. Evidently what the court intended to say, and what it did later, in effect, say, was that, when the original complaint stating no cause of complaint whatever was filed, the statute of limitations was not arrested thereby, and continued to run against the cause of action, for the first time asserted in the amended complaint, until the amended complaint was filed, in the same manner and to the same effect as if the suit was commenced at the time of filing such amended complaint. This is the universal rule, founded on

reason and recognized by all courts, so far as we have examined, and as reported.

A complaint, asserting a cause of action in a defective and imperfect statement and manner of statement, when filed, if in time for the commencement of an action on such cause so stated, such filing of such statement is such commencement of an action thereon as will arrest the running of the statute of limitations against such cause of action, and thereafter, after a period of time has elapsed which would otherwise bar the commencement of a suit on the cause of action so asserted, an amendment may be filed reasserting the same cause of action, and supplying omissions and amplifying allegations of damage and negligence—amend the statement of the cause of action— which amendment, when so made, is the continuation of the action commenced by the filing of the original complaint, and the running of the statute, having stopped at the time such original complaint was filed, has ceased to be a factor from that time in that lawsuit litigating that cause of action. The authorities cited in the notes to VI, I, 6, a and b, 25 Cyc., pp. 1305, 1306 and 1307, amply state and illustrate this position, and this is the question presented in the case at bar.

The identical question, we believe, was before the supreme court of the territory in the case of *Boudreaux* v. *Tucson Gas etc. Co.*, 13 Ariz. 361, 33 L. R. A., N. S., 196, 114 Pac. 547, as well as can be ascertained from the reported case. I admit a doubt exists as to this question arising in that case from a lack of a statement of the facts therein; but on examination of briefs of counsel printed in that report we find that the counsel for the appellant states the defects claimed in the original complaint is "that there is no allegation of damages, or any allegation which legally is equivalent thereto," and the counsel for the appellee so understood the question, but expresses the defect in a little different language, thus: "The complaint contains no allegation of damage, nor does it allege facts from which damage might be presumed or inferred." The objection in the case at bar is that the original complaint alleges no negligence, nor facts from which negligence can be presumed or inferred, and alleges no duty to plaintiff, nor facts from which duty can be presumed or inferred. If it is intended to be understood that the original complaint stated no facts from which damage can be presumed or inferred,

that no cause of action whatever was in any manner whatever stated therein, then such case was not ruled by *Keppler* v. *Becker*, 9 Ariz. 234, 80 Pac. 334, for in that case the only question attempted to be decided was that the original complaint, when tested by a general demurrer, failed to state facts sufficient to constitute a cause of action, and the court, in the Boudreaux case, after stating that the same question was involved and presented, disapproves of *Keppler* v. *Becker* case, and holds that the case under consideration must be tested by the new or different cause of action rules, and that, as amended complaint stated no new or different cause of action, the running of the statute stopped when the original complaint was filed, thus, and necessarily, holding that a cause of action was, though defectively, stated in the original complaint, and in so holding we must inevitably presume that same fact was stated in the original complaint, though defectively and imperfectly, from which damage can be presumed or inferred; otherwise, without any damage shown as arising from all the facts stated, no cause of action whatever would be then and thereby stated, and, as we have seen above, the so-called complaint would be a nullity, which could not be amended. So reasoning, we presume that the real question presented by the record is the same question here presented, viz.: What statement of a cause of action in a complaint is necessary in order to stop the running of the statute of limitations against such cause of action? What statement of a cause of action in a complaint is necessary to the commencement of an action, to which an amended complaint reasserting such cause of action, but containing more amplified and correct allegations, will relate back to such original complaint, to such commencement of such suit?

If such is the question presented by the record in the Boudreaux case, that question is answered by the court in the affirmative and should be followed by us, if the decision rests on sound reason and is supported by the weight of reason and authority; and we think it is so supported, as well by weight of reason as by the weight of precedent. We do not, however, approve of the reasoning by which the conclusion was reached in the Boudreaux case; but we do approve the result reached, in this: That the restatement of the same cause of action, imperfectly and defectively stated in the original com-

plaint, by the filing of an amended complaint reasserting the
same cause of action, filed after a general demurrer has been
sustained for the reason that the facts stated in the original
complaint are not sufficient to constitute a cause of action,
by amending the defective statement and supplying allegations to admit necessary lines of proof, and thereby state in
legal language facts sufficient to constitute a good cause of
action, not vulnerable to an attack by a general demurrer, is
the commencement of no new action, so as to let in the defense
of the statute of limitations thereto.   The facts presented by
the record are so meager that we would not feel justified in
relying upon that case as a binding authority in this case
in this court.   Unless the *Keppler* v. *Becker* case, *supra,* or
the case of *Motes* v. *Gila Valley, G. & N. Ry. Co.,* 8 Ariz. 50,
68 Pac. 532 (the only other Arizona Territory reported cases
where any question of the statute of limitations pleaded to
amended complaints has been before that court), have been
considered as authorities, we have no reported cases from the
territorial supreme court to guide us in this case.   We deem
it proper to briefly refer to the *Keppler* v. *Becker* and Motes
cases before proceeding to consider the question in this case
further.

The Motes case was decided in 1902.   The cause of action
therein asserted was the personal injuries to the minor son
of plaintiff, caused by the negligence of the defendant, for
which wrong the plaintiff had two distinct rights of recovery,
both of which were barred unless suit should be commenced
within one year from the time the action accrued.   The original complaint was filed within the year, asserting a right to
recover in favor of the minor son for the injuries inflicted.
The injury was alleged to have been inflicted on March 7,
1899.   The original complaint was filed on March 6, 1900.
On April 5, 1900, the plaintiff filed an amended complaint,
by which he asserted his right to recover for the damage
resulting to himself from the loss of the valuable services of
his minor son by reason of the injury negligently and carelessly inflicted by the defendant.   The court applies the rule
of departure to this state of facts as laid down in the case
of *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 296, 39 L. Ed.
983, 15 Sup. Ct. Rep. 877, and holds, accordingly, that the
amendment was the asserting of a new and different cause of

action, which must be deemed to have been commenced at the time of filing the amendment and was barred. This line of cases has been severely criticised as too technical.

The next case considered by that court was the case of *Keppler* v. *Becker*, 9 Ariz. 234, 80 Pac. 334, decided March 30, 1905. The facts in that case are that the appellants, on January 13, 1904, filed an adverse claim in the United States land office; on the nineteenth day of February, 1904, the appellants brought an action in the district court of the proper county in support of their adverse claim, in form to quiet title under the statutes of Arizona; a general demurrer had been sustained to the original complaint; the appellants filed an amended complaint, but of what the amendments consisted we are not informed by the reported case, and that is not necessary from our point of view to understand the case, to which the defendant filed a special demurrer setting up the thirtieth-day statute of limitations provided in section 2326, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430). It appears from the statement of the court in the opinion that the statute had barred the suit when the original complaint was filed, and why any discussion was had in the premises I am unable to understand. The section 2326 is not an ordinary statute of limitation, acting upon a claim in the ordinary manner; but the law permits of thirty days after the adverse is filed in the land office, the maintenance of a special proceeding in the proper court in aid of the adverse, but when that period has elapsed the right itself is gone, and no cause of action whatever remains. The statement of the case clearly shows that the period had expired—the appellants only had from January 13, 1904, to February 12, 1904, in which to commence their action in support of their adverse. The court could do nothing more than sustain the demurrer, as the record showed on its face the cause of action was not only barred at the time of filing the amended complaint, but was barred at the time of filing the original complaint, and therefore all that was said in that case, further than to sustain the ruling and affirm the judgment, is clearly dicta, as thirty-seven days had expired after filing the adverse before filing the original complaint in support thereof, and there was no occasion to apply the rule of relation back in that case.

From the foregoing examination it is clear that neither the

Motes case nor the *Keppler* v. *Becker* case, have any rela-
tion to the question presented in the case at bar.   An amend-
ment of a declaration, petition, or complaint, which sets up
no new cause of action, or claim, and makes no new demand,
relates back to the commencement of the action, and the run-
ning of the statute against the claim so pleaded is arrested
at that point.   25 Cyc. 1305, and cases cited in note 61.

Where plaintiff by amendment sets up no new matter or
claim, but merely restates in a different form, more correctly
and specifically, the same cause of action asserted in the orig-
inal declaration, it is not a new suit, and the statute will not
avail for the period between the original and amended plead-
ings.   Where the original declaration asserts a cause of action,
but states it imperfectly, and afterward an amended declara-
tion is filed, correcting the defect, the plea of the statute of
limitations will relate back to the time of filing the original
declaration.   25 Cyc. 1305–1307, and authorities cited in the
notes thereto, which are too numerous to set out here.

An amendment to a declaration or complaint, amplifying
and enlarging upon the manner in which an accident occurred,
and stating more clearly the negligence complained of, is not
barred by limitations if the action was brought within the
time prescribed by statute.   *Alabama G. S. Ry. Co.* v. *Arnold,*
80 Ala. 600, 2 South. 337; *Esrey* v. *Southern Pac. Co.,* 103
Cal. 541, 37 Pac. 500; *Colley* v. *Gate etc.,* 92 Ga. 664, 18 S.
E. 817; *Cicero* v. *Bartelme,* 212 Ill. 256, 72 N. E. 437; *Chicago
C. R. Co.* v. *Carroll,* 189 Ill. 273, 59 N. E. 551; *Swift & Co.*
v. *Foster,* 163 Ill. 50, 44 N. E. 837; *Illinois Cent. R. Co.* v.
*Souders,* 79 Ill. App. 41; *Lake Shore R. Co.* v. *Ryan,* 70 Ill.
App. 45; *Missouri Pac. R. Co.* v. *Moffatt,* 60 Kan. 113, 72
Am. St. Rep. 343, 55 Pac. 837; *Caswell* v. *Hopson* (Tex. Civ.
App.), 47 S. W. 54; *Texas etc. Ry. Co.* v. *Eberhart* (Tex. Civ.
App.), 40 S. W. 1060; *Union Pac. R. R. Co.* v. *Sweet,* 78 Kan.
243, 96 Pac. 657; *Atlanta & B. etc. Ry. Co.* v. *Wheeler,* 154
Ala. 530, 46 South. 262 (where the amendment set up dif-
ferent causes contributing to the unsafeness of the place where
the injury occurred) ; *Smith* v. *Scott,* 92 Ark. 143, 122 S. W.
501; *Verdery* v. *Barrett,* 89 Ga. 349, 15 S. E. 476; *Alabama
G. S. Ry. Co.* v. *Thomas,* 89 Ala. 294, 18 Am. St. Rep. 119, 7
South. 762 (stating that amendments adding new averments
of fact, more clearly showing the negligence complained of,

and otherwise altering the grounds of recovery, or varying the alleged mode in which the defendant had violated its duty should be allowed, and they are not barred); *Swift Co.* v. *Gaylord*, 229 Ill. 330, 82 N. E. 299; *Swift & Co.* v. *Madden*, 165 Ill. 41, 45 N. E. 979; *North Chicago Rolling Mill Co.* v. *Monka*, 107 Ill. 340; *The Oriental* v. *Barclay*, 16 Tex. Civ. App. 193, 41 S. W. 117 (stating: "The enlargement of the allegations as to the specific injuries received, when the substantial cause of action has been pleaded, . . . is not affected by the statute of limitations"); *Texas P. Ry. Co.* v. *Davidson*, 68 Tex. 370, 4 S. W. 636; *Parlin & Orendorff* v. *Glover*, 45 Tex. Civ. App. 93, 99 S. W. 592 (in which it is stated: "It is true that the amended petition is much more elaborate; but, after all, it seeks to recover the same property and upon the same grounds, that of title and conversion, alleged in the original petition. This does not constitute a new cause of action"); *Landa* v. *Obert*, 78 Tex. 33, 14 S. W. 297; *Crotty* v. *Chicago Great W. Ry. Co.*, 169 Fed. 593, on page 598 (95 C. C. A. 91), the court, after showing that it had been contended that the supervising negligence of the conductor was brought into the case by the amendment to the petition, allowed after a judgment and reversal, and after the statutory period had expired, says: "The excerpts from the petition and the amendment heretofore set forth make it plain that such negligence was intended to be, and was substantially, charged in the petition, and that the amendment, instead of presenting a new charge, merely amplified and gave greater precision to one already presented. And, this being so, the case was well within the rule that an amendment to a petition which sets up no new cause of action, demand or charge, but merely amplifies and gives greater precision to the allegations in support of the cause of action, demand, or charge originally presented, relates back to the commencement of the action, and the running of the statute of limitations against the cause of action, demand, or charge so pleaded is arrested at that point"; citing *Whalen* v. *Gordon*, 95 Fed. 305, 37 C. C. A. 70; *Patilla* v. *Allen-West C. Co.*, 131 Fed. 680, 65 C. C. A. 508; *Hutchinson* v. *Otis*, 190 U. S. 552, 47 L. Ed. 1179, 23 Sup. Ct. Rep. 778; *Thayer* v. *Coal Co.*, 129 Iowa, 550, 105 N. W. 1024, and *Gordon* v. *Railway Co.*, 129 Iowa, 747, 106 N. W. 177, to which may be added *Atlantic &*

*P. Ry. Co.* v. *Laird,* 164 U. S. 393, 41 L. Ed. 485, 17 Sup. Ct.
Rep. 120, and *Rowland* v. *Murphy,* 66 Tex. 534, 1 S. W. 658.

The Texas courts express the manner of making the comparison of the original with the amended complaint in such cases. In *Texas & N. O. R. R. Co.* v. *Clippenger,* 47 Tex. Civ. App. 513, 106 S. W. 156, the court says: "If the cause of action set out in the amended petition was a new or different cause of action from that asserted in the original petition, it was barred at the time of the filing of the former. But if the amendment in any way retained, even as a part of the cause of action asserted by the original petition, and afterward reasserted by the amended petition, it is sufficient to prevent the running of the statute after the original petition was filed"; citing *Mexican etc. Ry. Co.* v. *Mitten,* 13 Tex. Civ. App. 658, 36 S. W. 282. In *Bingham* v. *Talbot,* 63 Tex. 271, decided in 1885, it is said: "That *there* are distinct causes of action would seem to admit of no question whatever. If, however, there had been any allegation in the first amended petition in any way retaining, even as part of the cause of action therein asserted, that which was asserted by the original petition, and afterward reasserted by the second amended petition, that would have been sufficient to prevent the running of the statute after the original petition was filed. But such is not the fact."

An unbroken line of Texas cases, dating from 1851, assert this doctrine, beginning with *Wells* v. *Fairbanks,* 5 Tex. 583, followed and cited in *Kinney* v. *Lee,* 10 Tex. 155, decided in 1853; *Coles* v. *Portis,* 18 Tex. 156, cited by the same court in *Scoby* v. *Sweatt,* 28 Tex. 713, 730, where the court says: "If it appears from the petition that the defendant is complained of for a valid cause of action, however defectively it may be presented, the statute of limitations in his favor will be stopped," decided in 1866. The same principle is followed in *Hill* v. *Clay,* 26 Tex. 650; also in *Killebrew* v. *Stockdale,* 51 Tex. 529 (1879), where the court says: "Although the petition may have been bad on general demurrer for want of sufficient averments of ownership of the instruments sued on, it was a sufficient commencement of suit on those instruments to stop the running of the statute of limitations. The subsequent amendment of the petition, correcting or supplying its defects as a petition on the same notes and mortgages, was

not the commencement of a new suit. The judgment is affirmed.'' The same rule is recognized in *Rauer's Law etc. Co.* v. *Leffingwell,* 11 Cal. App. 494, 105 Pac. 427, and any number of other jurisdictions, but it is deemed unnecessary to cite other cases to further illustrate the rule· that we consider settled by authority and reason.

It remains to be stated, in this connection, that as our statute of limitations is identical with article 3208, Revised Statutes of Texas of 1879, which has been in force in that state since 1841, and was adopted to all intents and purposes by the territory of Arizona in 1887 as paragraph 2310, and carried forward in the 1901 revision as paragraph 2950, the application of the statute to amended pleadings, made before its adoption as indicated, ought to have great weight, if not binding force, on this territory adopting it, and such application in such cases ought to be considered as a part and parcel of the statute, as given statutes adopted when they have been previously construed. In such case the construction is adopted with the statute, as is well known to the profession. The same applies to the California cases, as we follow California in pleadings and procedure more closely than we follow any other state, having adopted California's Code of Civil Procedure.

The decisions of the federal courts on identical questions were absolutely binding as authority on territorial courts, which is too well recognized to require citations to sustain. Therefore, regardless of the view expressed by any other courts, this jurisdiction ought to follow Texas, California, and the federal courts ·as binding, or as founded in the soundest reason. Doubtless a different view has been expressed by some other court from the view expressed by the cases cited and reviewed above; but, if so, such cases are ruled by different principles than those cases reviewed and are not convincing as authority in solving the questions presented in this record. The cases cited by the defendant in error that seem to conflict with the above cases fall within the class mentioned as not binding, or have no application to the case at bar from our view of the question presented, and for that reason we regard a review of the cases further as unprofitable.

We are therefore clearly of the opinion that the statute. of limitations ceased to run against the cause of action asserted

in the original complaint and reasserted, but the facts and circumstances amplified and the defects cured by the amended complaint, and for that reason the trial court erred in sustaining the special demurrer asserting the two year statute of limitations to such amendments, and the judgment dismissing the amended complaint is reversed, and the cause is remanded to the superior court of Pima county, with directions to that court to overrule such special plea and proceed with the cause according to law.

FRANKLIN, C. J., Concurring.—I concur in the judgment, on the ground that the amended complaint was but an amplification, or elaboration, of the cause of action imperfectly stated in the original complaint. The amended complaint did not state a new or different cause of action, and was not a departure from law to law, or from fact to fact, such as would prevent it from relating back to the time of filing the original complaint. By relating back it tolled the statute of limitations. *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 285, 39 L. Ed. 983, 15 Sup. Ct. Rep. 877; *Motes* v. *Gila Valley etc. Ry. Co.,* 8 Ariz. 50, 68 Pac. 532; *Boudreaux* v. *Tucson etc. Co.,* 13 Ariz. 361, 33 L. R. A., N. S., 196, 114 Pac. 547.

The judgment of the lower court, sustaining the demurrer setting up the statute of limitations to the amended complaint, and dismissing the action, is reversed, and the cause is remanded, with directions to overrule the special demurrer.

ROSS, J., concurs.

NOTE.—As to when an action is said to be pending, see note in Ann. Cas. 1912A, 843.