## BOEHM *v.* PORTER.

Decided July 3, 1891.

1.  *Tax sale—Wrong day.*

Under the act of February 19, 1869, extending time for assessing and collecting taxes for 1868, where the tax book was delivered to the collector on March 20, 1869, a sale of delinquent lands on August 2 following was at a date later than the law authorized, and therefore void.

2.  *Taxes—Levy.*

A levy of county taxes in 1869 for the year 1868 was illegal (following *Parr* v. *Matthews*, 50 Ark., 390).

3.  *Cancellation of tax title—Reimbursement of purchaser.*

In a suit to cancel a title acquired under sale for the taxes of 1868 the statute does not require of the owner payment of an illegal levy, nor of interest at a higher rate than 6 per cent. per annum.

APPEAL from *Arkansas* Circuit Court in chancery.

JOHN A. WILLIAMS, Judge.

*W. H. HalliBurton* for appellant.

*Gibson & Holt* for appellee.

MANSFIELD, J.   This is a suit in equity to quiet the title of the plaintiff Boehm to two tracts of land situated in township 2 south, range 4 west, in the county of Arkansas, and to cancel a tax title thereto held by the defendant Porter.   One of the tracts is part of section 33, and the other is a sub-division of section 34.   Both were patented to the State under the act of Congress of September 28, 1850, and were sold by the State in 1859 to Samuel P. Johnson, who conveyed them to the plaintiff in the year 1885.

The complaint states that the defendant claims title to these lands under an Auditor's deed conveying them to his vendor as lands forfeited to the State for the non-payment of taxes for the year 1868; that there was no legal assessment, return of delinquency, advertisement or sale of the lands, for the taxes of that year, and that the forfeiture to the State was therefore void and passed no title; that the

plaintiff has tendered to the defendant a sum sufficient to reimburse him for the sum paid on the purchase of the lands and for all taxes subsequently paid thereon, and that the tender was refused.

The defendant by his answer claims title to the land in section 33 under a conveyance executed to him in 1886 by N. B. Price. He alleges that Price purchased that tract at a sale thereof made in 1876 for the taxes of 1873, 1874 and 1875; and that, having at the proper time received the clerk's deed for the land, he subsequently obtained a decree of the Arkansas circuit court confirming the sale.

The answer admits that the defendant's title to the tract in section 34 was acquired by conveyance from W. M. Price, and that the latter held under a deed executed by the Auditor of State on the 20th day of February, 1872, pursuant to a sale of that tract as land which had been forfeited to the State for the non-payment of taxes. But it denies that the forfeiture was illegal, and avers that the land was regularly assessed, returned delinquent, advertised and sold in the manner provided by law. The several deeds relied upon by the defendant are made exhibits to the answer.

As a further defense applicable to both tracts, the defendant pleads the statute of limitations of seven years and also the statute providing that actions to test the validity of tax sales shall be brought within two years from the date of the sale.

The chancellor found that the sale of the tract in section 33 was confirmed by the decree mentioned in the answer; and as to that tract the plaintiff was denied any relief. But he found that the tract in section 34 was sold for non-payment of the taxes of 1868, and that the sale was made on a day not provided for by the law. On this finding it was adjudged that the sale thus made was void. And the court having also found that the defendant and his vendor had paid on said tract taxes which, together with interest thereon at the rate of 25 per cent. per annum, amounted to the

sum of $305.35, a decree was entered fixing a lien on the land for the payment of that sum, and directing a sale to satisfy it in the event of the plaintiff's failure to make the required payment. Both parties have appealed.

In the abstracts filed here by counsel, no facts are stated which could have justified the chancellor in finding that the plaintiff's action was barred by the seven years' statute of limitations. The two years' statute has no application to this case, so far as the plaintiff's suit is to avoid the sale of the land in section 34. See *Radcliffe* v. *Scruggs*, 46 Ark., 96.

Nothing affecting the validity of the sale of the tract in section 33, made by the collector in 1876, is alleged in the complaint or disclosed by the proofs on which the cause was heard. Nor does the abstract or brief of the appellant point out any ground or objection whatever to that sale or to the deed of the clerk made pursuant thereto. The deed contains all the usual and necessary recitals of such a conveyance, and no defect sufficient to avoid it is discovered on its face. It was sufficient, in connection with the conveyance executed by Price, to establish a *prima facie* title in the defendant; and, in the absence of evidence impeaching the sale, he was under no necessity of relying upon the decree confirming it. Independently of that decree the evidence showed that the plaintiff's vendor had been divested of title to the land in section 33, and it is therefore unnecessary to decide whether the proceeding for confirmation is open to any of the numerous objections which counsel for the appellant have urged against it. The decree of the court below, so far as it relates to the land embraced in the clerk's deed, is without error, and it is to that extent affirmed.

The evidence shows that the land in section 34 was forfeited to the State on the 2d day of August, 1869, for the non-payment of taxes levied for the year 1868. The tax proceedings, on which the forfeiture was based, were had under the act of February 19, 1869, entitled, "An act to aid in assessing and collecting taxes for the year 1868;" and

1. Tax sale upon wrong day.

under a provision of that act the Auditor extended the time in which the assessor could make return of his assessment until the 8th day of March, 1869. The assessment lists were filed on the 1st day of March, 1869, and on the 9th day of the same month the county court made its levy of county taxes for the year 1868. The tax book was delivered to the collector on the 20th day of March, 1869, and the act provided that he should make out and return a delinquent list of lands, on which the tax remained unpaid, within ten days after the expiration of sixty days from the time at which he received· the tax book. The act further provided that the clerk should, immediately after the delinquent list was returned, publish the same for at least three weeks, with a notice attached to it that the lands it embraced would be sold on " Monday next succeeding " the three weeks' notice. It was proved that some of the sheets or pages of the delinquent list had been worn or torn off, and it did not appear when it was filed. But, nothing being shown to the contrary, the Auditor's deed is evidence that the list was filed within the time prescribed by the statute ; and, that time having expired before the 1st day of June, if the clerk had complied with section 14 of the act by publishing the list "immediately," the sale would necessarily have taken place in June or July. So far then as appears from this record, the sale was at a later day than the law authorized. But it was void upon another ground which was clearly established by the evidence.

2. When tax levy void. In *Parr* v. *Matthews*, 50 Ark., 390, it was held that the act of February 19, 1869, made no provision for the levy of taxes ; and that the power of the county court to levy taxes for 1868 expired with that year, under provisions contained in the act of July 23, 1868. The sale in question here was, as we have seen, made for the payment of a county tax levied for the year 1868 in March, 1869. It was therefore void, and the court did not err in so adjudging.

It is not clear from the language of the decree whether it contemplates the payment of all or either of the taxes for the non-payment of which the land was forfeited. The land was legally assessed and returned delinquent for the year 1868. A lien for the State taxes of that year, together with a penalty of 25 per cent. upon the amount of such taxes, had thus attached, under section 10 of the supplemental act of 1869, at the time of the illegal forfeiture. As the amount thus due to the State was paid in the purchase of the land at the Auditor's sale, it should be paid to the defendant, and its payment should be provided for in the decree cancelling his title. But the county tax was an illegal exaction which created no charge upon the land and which the plaintiff was never under any obligation to pay. The reimbursement of that tax ought not therefore to be required of him as a condition of obtaining the relief he seeks in this suit. *Worthen* v. *Badgett,* 32 Ark., 496.

The court properly required the plaintiff to reimburse the defendant for all taxes paid on the land by the defendant or his vendor subsequent to the date of the latter's purchase. And the tender made by the plaintiff does not appear to have been such as to stop the accrual of interest on the sums the defendant was entitled to receive. *Cole* v. *Moore,* 34 Ark., 589; *Hamlett* v. *Tallman,* 30 Ark., 505. But it was error to compel the plaintiff to pay interest at the rate of 25 per cent. per annum. Section 75 of the act of July 23, 1868, providing for the payment of interest at that rate to the purchaser of lands sold for taxes, applies only to actions to recover the possession of such lands. And, upon a bill to set aside an illegal sale made under that act, equity will impose upon the land owner no harder terms than those provided for in section 72. That section is as follows: "Upon the sale of any land or town lot for delinquent taxes, the lien which the State has thereon for taxes then due is transferred to the purchaser at such sale, and if such sale proves to be invalid on account of any irregularity in the proceedings of any officer having any

·duty to perform in relation thereto, the purchaser at such sale is entitled to receive from the proprietor of such land or lot the amount of taxes, penalty and interest legally due thereon, and the amount of taxes paid thereon by the pur-·chaser subsequent to such sale ; and such land or lot is bound for the payment thereof." This does not require the payment of an illegal assessment or interest at a higher rate than 6 per cent. per annum.

So much of the decree as affects the land in section 34 is reversed; and the cause with reference to that tract will be remanded for further proceedings in accordance with this opinion. The court below is directed to enter a decree setting aside the tax sale of said land and cancelling the defendant's title thereto. But such decree must establish a lien on the land in favor of the defendant for the sum due upon it at the time of its forfeiture for the State taxes of 1868, and the penalty which had accrued thereon, with interest on said sum at the rate of 6 per cent. per annum from the date of the Auditor's sale ; also for the several sums paid by the defendant and his vendor in discharge of taxes lawfully levied upon said land since the 20th day of February, 1872, with legal interest upon each of said sums from the date of its payment. And the court will, by appropriate order, direct that, in default of the payment of said sums and interest to the defendant within sixty days after the entry of said decree, the land shall be sold for the satisfaction of the lien thus to be established. Such sale shall be made and conducted in the manner provided by law for judicial sales of real estate. And, after the payment of the sums due to the defendant, the residue of the proceeds thereof, less the amount of any costs directed to be paid ·out of the same, shall be paid to the plaintiff.