## McWILLIAMS v. BONNER.

Opinion delivered February 23, 1901.

TAX SALE—VALIDITY.—A tax sale on August 2, 1869, for the taxes of 1868 is not void on its face as being on a date later than the law authorized, though it may be shown by extraneous evidence that such was the fact.

    *Boehm* v. *Porter,* 54 Ark., 665, distinguished.

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

*Geo. C. Lewis,* for appellant.

The case of *Boehm v. Porter,* 54 Ark. 665, is not applicable. Appellee should succeed, if at all, by the strength of his own title, and not by the weakness of or irregularities in his adversary's. 64 Ark. 547; Sand. & H. Dig. § 6625; Newell, Eject. 527; 54 Ia. 333; 46 Ia. 595; 52 Cal. 487; 20 S. E. 215; 19 S. E. 417; 3 Gilm. 160; 23. S. E. 968; 32 N. W. 314; 26 N. W. 314; 15 N. W. 568; 29 N. W. 451; 70 N. W. 99; 70 N. W. 618.

*James A. Gibson* and *John F. Park,* for appellee.

The tax sale was void. 54 Ark. 665; 33 Ark. 748; 53 Ark. 204. The confirmation decree cannot be attacked collaterally. 21 Ark. 364.

BUNN, C. J. This is a suit in ejectment by appellant against appellee, in the Arkansas county circuit court, for the recovery of the northeast quarter of section 26, township 4 south, of range 2 west, in Arkansas county.

The plaintiff's claim of title is founded upon a clerk's tax deed, executed and acknowledged on the 28th day of September, 1897, in which it is recited, among other things, that at a tax sale of lands for the taxes of 1868, made on the 2d of August, 1869, one Thomas J. Davidson became the purchaser of said land for the taxes, penalty and cost assessed against it, he being the best bidder for the least portion of the same, bidding for the whole tract, said sale having been commenced on the first Monday in August in said year 1869, and received his certificate of purchase accordingly, which he afterwards assigned and transferred to plaintiff, McWilliams. Plaintiff also alleged that he had paid the taxes on said land every year from 1868 to 1890, inclusive, and for the year 1895; that defendant was in wrongful possession. Wherefore he prayed judgment for the recovery of the land, and for damages, and in the alternative for his outlay in paying said taxes and the purchase money, etc.

The defendant answered, denying the validity of plaintiff's said deed, alleging that a sale on the said 2d day of August, 1869, was null and void, and setting up title in himself by reason of his purchase at a subsequent tax sale, to-wit, in 1892, for the taxes of 1891, and a confirmation of the same. With his answer defendant files his exceptions to the plaintiff's said deed, as follows, to-wit: (1) Because there was no law authorizing the levy of taxes for the year 1868 on said land; (2) because there was no law author-

izing the levy of taxes in the year 1869 for the taxes of 1868 on said land; (3) because there was no law authorizing the sale of said lands on the 2d of August, 1869; (4) because of the sale of said land on the 2d day of August, 1869, for the taxes of 1868, was without warrant or authority of law, and was void *ab initio.*

The general revenue act of July 23, 1868, provided for the assessment and collection of the taxes for that year. The act of February 19, 1869, provided for extending the time for the taxing officers to make up their lists, give notice, and make sales after said lists were adjusted by the court. There does not seem to be any serious contention that these statutes did not authorize the levy of taxes for the year 1868. The real contention raised by the exceptions to plaintiff's deed is that the same shows on its face that the sale in pursuance of which it was made was made on the 2d day of August, 1869, and that this court in the case of *Boehm* v. *Porter,* 54 Ark. 665, held that tax sales made on that day were null and void. In that case it was an issue of fact whether the sale made on that day was legal, and after taking testimony the court held that it was not a legal sale. The act of February 19, 1869, contained provisions which rendered it impossible to determine as a matter of law what was the proper day for tax sales, and, in order to determine that question, evidence extraneous the recitals of the tax deed was necessary. That evidence was taken, and upon it the court in that case based its findings and judgment. In the case at bar the issue is one of law, made by an exception to the deed, and the question is, is or is not the deed good on its face? If it is, the exception should have been overruled, and, if not, it should have been sustained. The deed is good on its face. The findings of facts in another case and judgment thereon does not preclude further inquiry into the facts in this case. Whether or not the 2d of August was the proper day is still a matter of some calculation, based upon extraneous evidence, and the case should have been permitted to progress to a settlement of the issues of fact made by the complaint and answer, since it does not seem to be admitted by the defendant that the 2d of August was not the proper day for the sale.

Reversed and remanded, with directions to overrule the exceptions and proceed to trial on the complaint and answer and evidence.

BATTLE, J., absent.