## CHAMPION *v.* WILLIAMS.

### Opinion delivered July 7, 1924.

1. TAXATION—TAX SALE ON WRONG DAY.—Under act of February 19, 1869, providing that the county clerk, immediately after the list of delinquent lands is returned, shall publish the same for at least three weeks and that the sale shall be held on the Monday next succeeding, a tax deed which recites that the delinquent list was filed on August 1, 1869, and that the sale was had on November 15, 1869, shows that the law was not complied with and that the sale was void.

2. TAXATION—CONSTRUCTION OF TWO-YEARS STATUTE OF LIMITATION.—The statute of limitation of two years applicable to possession under a tax deed applies to any tax deed which sufficiently describes the land occupied and purports to convey the same, even though the deed is void on its face.

3. LIMITATION OF ACTIONS—ESTATE IN—REMAINDER.—The rule that the statute of limitation does not begin to run against a remainderman or reversioner until the death of the owner of the particular estate applies, whether the adverse occupant holds under the life tenant, or under an independent claim of title, or as a mere trespasser.

4. TAXATION—ENTRY UNDER VOID TAX DEED.—While a tax sale, if valid, bars the right of all interested parties, those holding remainder interests as well as the life tenant, yet, when the sale is void, one who enters under the sale is a trespasser.

5. TAXATION—TAX SALE—FORFEITURE OF LIFE TENANT'S ESTATE.—Under Crawford & Moses' Dig., § 10054, providing that, if a life-tenant shall neglect to pay taxes on the land and shall not redeem from the sale, "such person shall forfeit to the person or persons next entitled to such land in remainder or

reversion all the estate," no forfeiture of a like estate results from a void sale for taxes.

6.  QUIETING TITLE—CONCLUSIVENESS OF DECREE CONFIRMING TITLE.—A decree confirming a title to land, under Crawford & Moses' Dig., § 8362 *et seq.*, is conclusive on collateral attack against all persons, whether named as parties or not, and whether life-tenants or remaindermen, except for jurisdictional defects shown on the record.

7.  QUIETING TITLE—NECESSITY OF BOND.—The requirement of a bond in proceedings by constructive process under Crawford & Moses' Dig., § 6261, has no application to proceedings under Crawford & Moses' Dig., § 8362 *et seq.*

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Lee Seamster,* for appellants.

1. Since the deed of J. B. Booth to Mary F. Champion conveyed to her a life estate, with remainder to the heirs of her body, on her death, the land descended to the appellants, her children. 44 Ark. 458; 95 Ark. 18; 116 Ark. 233; 117 Ark. 366; *Id.* 34. The tax deed exhibited by the defendants shows on its face that the tax sale was void because held on a day not authorized by law. 54 Ark. 666. The failure to levy taxes makes a tax sale absolutely void. 100 Ark. 488. And the sale of real estate on a day not fixed by law is "an entire omission to sell." 55 Ark. 549; 90 Ark. 256; 89 Ark. 139; 99 Ark. 500.

An affidavit of tender of taxes paid by the defendants was therefore not necessary in this case, since the complaint does not attack the tax title, and the defendants set it up as a defense and are using it as a shield to protect their possession. 43 Ark. 398, 411. Since the appellants did not acquire title until the death of the life tenant, it was the duty of the life tenant, or those in possession and receiving the rents and profits, to pay the taxes on the place, and that is an additional reason why no affidavit of tender was necessary. 33 Ark. 267; 44 Ark. 504; 98 Ark. 320; Annotated Cases, 1913E, 148; *Id.*, 1916D, 321; 16 Cyc. 632; 137 Ark. 140. A tender is not required where it is known it will not be accepted, or where it is difficult to ascertain the

proper amount, or where it would require an accounting to ascertain the amount. 74 Ark. 343; 52 Ark. 132.

2. The decree quieting title to the tract in controversy was void as to the plaintiffs for the reason that a decree affecting the real estate does not bar the remaindermen where they are not made parties. 23 R. C. L. 582, 583, 69 Ark. 539; 247 S. W. 708; 38 Ark. 167; 123 Ark. 347; 150 Ark. 594; 140 Ark. 367; 128 Ark. 342. The decree was void also for the failure of petitioners or plaintiffs in the decree to give a bond as required by statute. C. & M. Dig., § 6261, second subdivision; 126 Ark. 164.

3. The court erred in holding that the statute of limitations had run against the appellants before they brought this suit. It is elementary that limitations never run against a party until a cause of action accrues. The authorities are uniform to the effect that no statute of limitations begins to run against a remainderman until the death of the life tenant, and, though the life tenant's interest may be acquired by other parties, a remainderman is not required to act until the life tenant's death. Crawford & Moses' Digest, § 10054, contemplates a valid tax sale, and a void tax sale does not work a forfeiture to the remainderman. 80 Ark. 583; 95 Ark. 333. A new cause of action arises upon the death of the life tenant, the same as if no forfeiture had ever happened. 17 R. C. L. 650; 9 Am. St. Rep. 795, 800; 11 Am. Dec. 178; 97 Ark. 33; 140 Ark. 368; 128 Ark. 342; 83 Ark. 196, 200; 87 Ark. 428; 92 Ark. 143; 100 Ark. 399; *Id.* 488; 61 Ark. 36; 55 Ark. 192; 23 R. C. L. 991, § 160; 16 Cyc. 651, 652; *Id.* 567 § 116; R. C. L. 589 § 154; 148 Ark. 216, 219.

*Duty & Duty,* for appellees.

1. The failure to file an affidavit of tender, as required by C. & M. Digest, § 3708, was a good defense, and, on appellee's motion, the cause should have been dismissed. 23 Ark. 644. *Douglas* v. *Flynn,* 43 Ark. 398, relied on by appellants, has been explained, modified and overruled in a number of subsequent cases. 60 Ark. 499; 116 Ark. 115; 94 Ark. 490. A purchaser under a void deed who pays taxes thereunder and makes improve-

ments is entitled to recover therefor. 99 Ark. 501; 92 Ark. 167; 120 Ark. 249.

2. The tax sale of 1869, so far as the record in this case shows, was valid, and made on a day appointed by law, and after a proper levy. The court heard no evidence as to what was the proper day to make the sale in 1869. 69 Ark. 99.

3. Appellants were barred by both the two-year and the seven-year statutes of limitations. As to the effect of a tax sale on the owner of the life estate, and on the estate in remainder, the effect of the purchaser going into exclusive and adverse possession, holding under a tax deed and paying taxes for over fifty years, see 91 Fed. 602; 29 So. 821; C. & M. Digest, §§ 10109, 10110, 10025, 10054. 84 Ark. 1; 123 Ark. 537; 104 Ark. 108; 123 U. S. 747; 26 R. C. L. 403, § 360; 126 Ark. 86;·84 Ark. 614; 129 Ark. 270; 129 Ark. 324; 77 Ark. 324; 20 Ark.·543; *Id.* 508; 60 Ark. 163; 79 Ark. 364; 78 Ark. 7; 71 Ark. 117; 140 Ark. 367. Two years' adverse possession under a void tax deed will bar an action by the owner of the original title. 152 Ark. 368; 84 Ark. 140; 94 Ark. 490; 76 Ark. 447; 153 Ark. 620; 124 Ark. 379. A tax deed void on its face ·is also such color of title as will support the seven-year statute of limitations. 124 Ark. 379; 80 Ark. 82. Crawford & Moses' Digest, § 6947, makes no exceptions from its provisions, and there can be none in favor of remaindermen, minors or other persons under disability, except as to the right of infants to redeem within two years after attaining their majority. 53 Ark. 418.

4. The estate of the life tenant in this case terminated long before her death. If the tax sale of 1869 was void, the life tenant was barred two years after the purchaser went into possession under the deed executed by the clerk in 1872. From that time her life estate was terminated, and, if her children had any cause of action, it then accrued. 101 N. W. 195; 29 So. 821. One who has a vested remainder in land has the right to protect the estate, and may maintain an action for any injury to the inheritance committed or threatened, whether by the

tenant in possession or by a stranger, as for taxes paid
by the remainderman to protect the estate. 23 R. C. L.
579, § 136; 587, § 158; 556, § 103; 95 Ark. 18. See also
60 Ark. 499; 65 Ark. 70; 58 Ark. 151. The decree
quieting the title recites proper notice, and cannot be
attacked by appellants in this proceeding. It is conclu-
sive against all parties, except those specifically excepted
by the statute. Appellants were parties to that suit. 24
Ark. 519; 91 Ark. 95; 49 Ark. 336; 50 Ark. 188; 72 Ark.
101.

McCULLOCH, C. J. Appellants instituted this action
in the circuit court of Benton County against appellees
to recover possession of a tract of land in that county
containing forty acres. The land in controversy is shown
to be in high state of improvement, and appellees and
their grantors, immediate and remote, have been in
actual possession thereof for more than fifty years,
claiming to be the owners. Appellants deraign title back
to the United States, and the immediate foundation of
that title is a deed executed in the year 1859 by J. B.
Booth to their ancestor, Mary F. Champion, the effect of
which, under the statute (Crawford & Moses' Digest,
§ 1499), was to convey an estate for life to Mary F.
Champion, with remainder over to appellants. Mary F.
Champion died on February 9, 1922, and this action was
instituted shortly thereafter.

The material facts of the case are undisputed, being
brought into the record either by agreement of counsel
or by documentary evidence about which there is no dis-
pute. The land was sold on November 15, 1869, for the
taxes assessed against it for the year 1868. James Elam
was the purchaser at the tax sale, and he assigned his
certificate of purchase to John F. Owen, who received a
tax deed from the clerk on December 30, 1872. Appel-
lees deraign title by mesne conveyances back to John
F. Owen. In the year 1906 M. L. Burns, who was then
the holder of the title under which appellees claim, and
who is one of the remote grantors of appellees, insti-
tuted an action under the statute (Crawford & Moses'

Digest, §§ 8362 *et seq.*) to confirm her title, and a confirmation decree was rendered in accordance with the prayer of the petition. That decree and the record accompanying it was pleaded by appellees in bar of the right of appellants to recover the land.

It appears from the agreed statement of facts that, at the time the land was conveyed by J. B. Booth in the year 1859, it was wild and unoccupied, and remained so until possession was taken by Owen under his tax deed in the year 1872. Neither Mary F. Champion nor any one claiming in her right ever occupied the land. Mary F. Champion and her husband removed to Texas in the year 1864, and remained there until they died, her husband's death antedating her own death about ten years.

Appellees pleaded that they had a perfect title under the tax sale of 1869, and also pleaded the statute of limitations as a defense—the two-year statute under the tax deed, and the seven-year general statute of limitation. Crawford & Moses' Digest, §§ 6947, 6942.

Appellants attack the validity of the tax sale under which appellees claim title.

The case was tried before the court sitting as a jury, and the court found specifically that the tax sale was void, but found generally in favor of appellees. Appellants' motion for a new trial was overruled, and they have prosecuted an appeal to this court.

The facts of the case upon all the issues presented are undisputed, and the question presented is whether the judgment of the court was correct or whether it was erroneous, irrespective of the particular findings made by the court.

The finding of the court that the tax sale to which appellees deraign title was void was, we think, correct. The validity of the sale was attacked on two grounds— one that it was made on a day not authorized by law, and the other on the ground that the amount for which the sale was made included school taxes, which it does not appear from the record were levied by the county court as provided by the statute in force at that time.

The act of February 19, 1869, under which the tax sale in question was made, specified no fixed date for making tax sales, but, on the contrary, contained provisions which rendered it impossible to determine, as a matter of law, whether the sale was made in accordance with the statute (*McWilliams* v. *Bonner,* 69 Ark. 99) ; however, the deed now under consideration contains recitals which show affirmatively that it was not made in accordance with the provisions of the statute.    The deed recites that the delinquent list was filed with the clerk by the collector on August 1, 1869, and that the sale, after being duly advertised, was made on November 15, 1869.    The statute then in force (act of February 19, 1869, *supra*) provided that the clerk, immediately after the delinquent list was returned, should publish the same for at least three weeks, and that the sale should be held on the "Monday next succeeding."    The recital in the deed that the collector's delinquent list was filed on August 1, 1869, and that the sale was held on November 15, 1869, shows affirmatively that the provisions of the statute were not complied with, and that the sale was void.    *Boehm* v. *Porter,* 54 Ark. 665.    In the case just cited the collector had filed his delinquent list on the first day of June, and the court said that "if the clerk had complied with § 14 of the act by publishing the list 'immediately,' the sale would necessarily have taken place in June or July.   So far, then, as appears from this record, the sale was at a later day than the law authorized."    The sale of the land was also void for the reason that the amount for which the land was sold included school taxes, which were not properly levied by the county court.

The judgment of the circuit court is defended by counsel for appellees on the ground that the right of action of appellants was barred by the statute of limitation—by each of the statutes pleaded.    This contention is untenable, for the reason that, as appellants were the owners of the remainder interest in the land, subject to the life estate of their ancestor, Mary F. Champion, their right of action did not accrue until the expiration

of the life estate upon the death of Mary F. Champion, and that neither statute of limitation began to run against them until that time. The two-year statute applicable to possession under tax deed applies to any deed which sufficiently describes the land occupied and purports to convey the same, even though the deed is void on its face for other reasons (*Ross* v. *Royal,* 77 Ark. 324; *Dickinson* v. *Hardie,* 79 Ark. 364; *Black* v. *Brown,* 129 Ark. 270), but the operation of that statute is subject to the restriction that it does not begin to run until a right of action accrues, and it does not begin to run against a remainderman until the expiration of the prior estate. It has long been the recognized rule of this court, reiterated in many decisions, that the statute of limitation does not begin to run against a remainderman or reversioner until the death of the owner of the particular estate. The cases on the subject are cited in the recent case of *Hayden* v. *Hill,* 128 Ark. 342, where we said: "This court has held in a long line of cases that the right of entry, and therefore the right of action, does not accrue to the remainderman or reversioner until the death of the owner of the particular estate." The opinion in that case shows that there is no distinction between an instance where the adverse occupant holds under a life tenant or under an independent claim of title, or as a mere trespasser. This rule was again reiterated in the more recent case of *Kennedy* v. *Burns,* 140 Ark. 367. Other cases not cited in *Hayden* v. *Hill, supra,* are *Killeam* v. *Carter,* 65 Ark. 68; *Gannon* v. *Moore,* 83 Ark. 196; *Harris* v. *Brady,* 87 Ark. 428; *Smith* v. *Scott,* 92 Ark. 143. The decisions in the following cases related to the application of the two-year statute: *Gannon* v. *Moore, supra; Harris* v. *Brady, supra; Smith* v. *Scott, supra; Kennedy* v. *Burns, supra.*

The tax sale, if valid, would have barred the right of all interested parties, those holding remainder interests as well as the life tenant, for the sale operated *in rem,* and all parties were bound by it; but, the sale being void, one who entered under the sale was a mere trespasser.

*Cotton* v. *White,* 131 Ark. 273. So far as concerns the statute of limitation, it could not be put into operation against the remaindermen prior to the expiration of the estate of the life tenant merely because the entry was under a tax deed. Our conclusion therefore is that the judgment cannot be sustained on the ground that appellants were barred by the statute of limitation.

Attention is called to the statute (Crawford & Moses' Digest, § 10054) which provides, in substance, that, if a life tenant shall neglect to pay taxes on the land so held, and shall not, within a year after the sale, redeem from the sale, "such person shall forfeit to the person or persons next entitled to such land in remainder or reversion all the estate," and it is contended that the forfeiture of the land for taxes operated as a forfeiture of the life estate of the tenant in this instance, which set the statute of limitation in motion, and that appellants are barred for that reason. It has been decided by this court that, under the statute in question, no forfeiture of a life estate results from a void sale for taxes. *Magness* v. *Harris,* 80 Ark. 583. The life estate of Mary F. Champion under the deed was absolute and unconditional, and there was no contingency upon which the life estate ceased except the death of the life tenant, therefore the right of action of appellants as remaindermen did not accrue until the death of the life tenant.

We are of the opinion, though, that the judgment was correct for the reason that the title was duly confirmed by the decree of the chancery court in the proceedings which were brought forward into this record. The proceedings were under the statute heretofore cited, and appear to have been in accordance with the statute. It was not a proceeding to confirm the tax title, but to confirm the title generally under that statute. The record shows that the statute was strictly complied with, and the decree of confirmation recites proper notice. It is true that there were certain parties other than appellants named as defendants, but it was against all claimants of interest in the land, whether named in the proceedings

or not. The statute expressly authorizes such a proceeding, and also provides for the making of parties to the suit all individuals who are known to assert an interest, but this does not lessen the effect as a proceeding against all persons who have an interest in the property. The statute (Crawford & Moses' Digest, § 8363) provides that, if the petitioner for confirmation has knowledge of any person who claims an interest in the land, it shall be so stated, and such person shall be summoned as defendant in the case, and another section (8369) provides that the decree shall not affect adverse occupants or any persons who have paid taxes within seven years, unless such persons are made defendants. Known claimants may be made parties to the proceeding, and, to that extent, it becomes adversary, but, under the statute, as we have already said, the proceeding may be for the purpose of confirming against any and all claimants, whether known or not, and such was the effect of the proceedings in the present case. This is a collateral attack on the validity of the confirmation decree, but the decree on such attack is binding against all parties, except for jurisdictional defects shown on the face of the record. *Clay* v. *Bilby,* 72 Ark. 101. There are no defects in this record, and the decree is therefore conclusive on collateral attack. The confirmation decree is also binding on remaindermen as well as life tenants. Though remaindermen have no right of action for recovery of possession until the expiration of the life estate, yet they have an interest which they can protect from the binding force of a confirmation decree, and they are as much bound by the confirmation decree as one who has a present right of action for recovery of possession.

Appellants contend that the decree was not binding on them for the reason that there was no service of process on them, and that they were not directed to be made parties to the proceeding. The answer to this is that it is not essential that they should have been made parties to the record, as they were not in possession of the land and had not paid taxes on the land within seven years.

Again, it is contended that the decree is void because no bond was given pursuant to the statute, which requires bond in case of judgment against nonresident defendants. Crawford & Moses' Digest, § 6261. The statute just referred to does not apply to confirmation decrees, and no bond was required. The statute prescribing the procedure for confirmation of title (Crawford & Moses' Digest, § 8370) provides that any person interested in the land which is the subject-matter of a decree of confirmation may appear within three years and set aside the decree upon showing a meritorious defense, and that persons under disability of infancy, lunacy, idiocy or coverture may appear and set aside the decree at any time within three years after the removal of such disability. The lawmakers, in framing the statute, manifestly determined that this section gave all the protection that interested parties were entitled to; at least there is no provision in this statute for the giving of a bond, and we cannot read any such provision into the statute by applying the provisions of the general statute with reference to adversary litigation against nonresidents.

Decree affirmed.

HART, J., concurs on ground that limitation applies.