Holland Ray EDWARDS and Wife, Bonnie
EDWARDS *v.* Jerry L. HALL and Wife,
Roberta HALL

CA 79-172                                    593 S.W. 2d 465

Opinion delivered January 9, 1980
Released for publication February 13, 1980

*Clark & McNeil,* for appellants.

*Jack M. Lewis,* for appellees.

DAVID NEWBERN, Judge. This suit was brought to cancel a tax deed and a subsequent lease from the tax deed grantee and to remove the deed and the lease as clouds from the title asserted by the appellants. The chancellor, in part, denied the relief sought, and an appeal was taken to the Arkansas Supreme Court which transferred the case to us pursuant to Rule 29(3). The issues are (1) whether a separate assessment of the mineral interests was proper and (2) whether a tax deed grantee's interest is limited to the interest of the person in whose name the property was assessed and subsequently forfeited to the state.

In July, 1953, J. E. Linn conveyed to T. J. Weigel "an undivided one half interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline, and royalty in other minerals" in certain land. The grant was to run "twenty five years from date hereof and as long thereafter as

oil, gas or other minerals, or either of them, is produced or mined from the lands described.''

In 1955, Linn conveyed this same land to the appellants by warranty deed, subject to the royalty conveyance. In 1961, the mineral interests in the land were assessed separately from the surface interests, and the taxes on the mineral interests were not paid for that year. In 1962, the appellees Hall purchased at a tax sale the mineral interests which had been forfeited. In 1965, a clerk's deed was issued conveying the mineral interests in the land to the Halls. In September, 1978, the appellants filed suit to cancel the deed and a lease which the Halls had subsequently executed to the appellee Union Oil Co.

The appellants argue that if the separate tax assessment on the mineral interests was proper, it could not result in a forfeiture or sale of any interest greater than that which had been conveyed to Weigel by Linn and, as admittedly there had been no production on the land, that interest terminated by its own terms twenty five years after its creation.

The chancellor held that the tax deed to the separate mineral interests was not a derivative title conveying only Weigel's interest but rather was a new, complete and independent title which extinguished all prior interests in that which it purported to convey. Excepted from the effect of this holding were certain parts of the land in question as to which the chancellor found the tax deed void for lack of a proper description. The essence of the chancellor's decision was thus that a valid tax deed to mineral rights cannot be successfully challenged on the basis that it resulted from a separate assessment caused by a conveyance of less than all of the mineral interests in the land. Neither the chancellor's opinion nor the appellee's brief cites any Arkansas statute saying or case holding this proposition to be the law.

The closest thing to Arkansas authority cited by the chancellor is dictum from *Champion* v. *Williams,* 165 Ark. 328, 264 S.W. 972 (1924). In that case, the Supreme Court dealt with the power of a remainderman to redeem after a life tenant had permitted land to be forfeited for taxes. In that

case, the court found the tax deed to have been void, but said:

> The tax sale, if valid, would have barred the right of all interested parties, those holding remainder interests as well as the life tenant, for the sale operated *in rem,* and all parties were bound by it; . . . [165 Ark. at 335]

The question first to be considered is whether the assessment was valid, and thus whether it was a basis for a valid sale. In *Brizzolara* v. *Powell,* 214 Ark. 870, 218 S.W. 2d 728 (1949), our Supreme Court said Ark. Stat. Ann. § 84-208 (Repl. 1960), permits separate assessment of mineral interests "only which had been separated from the surface ownership." (214 Ark. at 872) The Supreme Court in effect held that regardless that a tax sale might have purported to convey the entire mineral interest, it did not have that effect unless the separate assessment was valid. The theory asserted by the court was that a tax deed was void if the taxes had in fact been paid. If there had been no valid severance of the surface and mineral interests, then the surface owner, by paying the taxes on "the land" had paid all the taxes due. That case was remanded for a determination whether there had in fact been a reservation, and thus a separation, of the mineral interests.

Thus, we must look to the question whether the conveyance of the "royalty" interest constituted a severance or separation of the mineral interests sufficient to permit a separate assessment. Our statute permitting separate assessment has been interpreted broadly, and there is no requirement that there be a conveyance of the minerals in place in order to effect a sufficient severance to invoke the separate assessment statute. *State ex rel. Attorney General* v. *Arkansas Fuel Oil Co.,* 179 Ark. 848, 18 S.W. 2d 906 (1929). Although the appellants' brief raises the question of the propriety of the assessment, at one point it concedes, "[t]he apparent intent of the statute was to require *all* mineral interests, whether royalty, in-place, or otherwise to be separately assessed." We cannot quarrel with that statement.

Given the validity of the assessment, and absent any other attack on the validity of the tax deed, we come face to

face with the chancellor's conclusion that a valid tax deed conveys that which it purports to convey, regardless what may have been the extent of the interest of the person in whose name the property was assessed and forfeited for failure to pay taxes.

We believe the dictum quoted above from the *Champion* case correctly indicates that our tax scheme contemplates the kind of new, comprehensive title to be conveyed by a tax deed as was held by the chancellor in this case to have been conveyed. If, as indicated by that dictum, a valid tax deed conveys the entire fee and extinguishes a remainder following a life estate, then no different rule should prevail where the owner of a determinable mineral interest is put in the place of the life tenant who failed to pay taxes and the holder of the reversionary interest is substituted for the remainderman. Our faith in the notion that the drafters of our property tax statutes would approve is bolstered by Ark. Stat. Ann. § 84-108 (Repl. 1960), which says:

> It shall not be necessary to the validity of an assessment or of a sale of land for taxes, that it be assessed to its true owner, but the taxes shall be a charge upon the real and personal property taxed, and when sold, shall vest the title in the purchaser without regard to who owned the land or other property when assessed or when sold, and the personal property of any deceased person shall be liable in the hands of any executor or administrator for any tax due on the same by any testator or intestate.

In the case before us, the entire mineral interest was assessed and taxed separately from the surface. It does not matter that Weigel was not the owner of the entire mineral interest, as the tax was a charge on the land sold, and vested title in the purchaser regardless who may have owned other aspects of the mineral interests which were separately taxed.

Affirmed.

Supplemental opinion on denial of rehearing
delivered February 13, 1980

DAVID NEWBERN, Judge. The first point in the appellants' petition for rehearing is that our opinion should be clarified to show that we are saying that only a 1/2 interest in the mineral rights to the property in question was conveyed by the tax deed. We find that point well taken. In our opinion, we used the term "entire" mineral interest. We meant only to say it included the future interest as well as any present interest in what the tax deed purported to convey. That was, of course, responsive to the issue raised below and on this appeal. We did not mean to say that the tax deed conveyed more than it purported to convey, and as abstracted by the appellants, it is clear the deed purported to convey only a 1/2 interest in the mineral rights. Our point was, and is, that the tax deed left outstanding no future interest in the 1/2 interest it purported to convey.

Since our initial opinion in this case, two Arkansas Supreme Court decisions which we should have addressed have come to our attention. The parties did not cite them to us in their briefs or with respect to the petition for rehearing. However, this response to the petition for rehearing presents an opportunity for us to discuss them. They are, *Laney* v. *Monsanto Chemical Co.,* 233 Ark. 645, 348 S.W. 2d 826 (1961), and *Claybrooke* v. *Barnes,* 180 Ark. 678, 22 S.W. 2d 390 (1929).

In *Laney,* the court held a party holding a severed

mineral interest was not affected by the payment of taxes by another ''for [his] mineral interest had already been severed and is therefore not deemed to have been included in the description under which the tax payments were made. [233 Ark. at 649].'' For that proposition, the *Claybrooke* case is cited as authority. In *Claybrooke,* it was held that adverse possession, apparently consisting of surface possession only, does not run against severed mineral interests. At first blush, these cases seem theoretically inconsistent with our decision, despite the obvious factual distinctions.

We do not regard our decision here as inconsistent with them, however, once the distinctions are properly analyzed. There is no statutory provision for separate assessment of a future interest in the minerals, and thus a valid tax title to the mineral interests conveys all or whatever ''horizontal'' fraction it purports to convey. That is consistent with the dictum in the *Champion* case cited in our initial opinion which indicates a general tax title conveys the entire surface (and unsevered mineral) interest even though there may have been an outstanding future interest. Here again, we use the term ''entire'' to indicate inclusion of any future interest, and not to say the tax deed conveys more than purported.

The *Laney* and *Claybrooke* cases apply only in the situation where one takes title to land by tax deed thinking it applies to both the surface and the mineral interests. They hold that the tax deed will not convey the minerals if they have been separated earlier by deed. In view of our tax scheme's provision for separate assessment and taxing of surface and minerals, a tax purchaser of a described surface should be on notice his deed may not be a conveyance of the mineral interests. Where the tax deed purports to convey the mineral interests only, however, nothing supports the notion that a purchaser should be held to take less than that which is described.

Rehearing denied.